FILED IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worchester)

SEP 18 '25 PM 2:35 USDC MA

| | |
|---|---|
| KYRA I. NELSON | |
| Plaintiff, | |
| v. | Case No. # |
| WELLS FARGO BANK, N. A. | JURY DEMAND |
| Defendant | |

VERIFIED COMPLAINT FOR WRONGFUL NONJUDICIAL FORECLOSURE

PROCEDURES AGAINST BONA FIDE PURCHASER WITHOUT PERFECTED PROPERTY

LIENS

## I.      INTRODUCTION

This is an action to prevent a wrongful nonjudicial foreclosure procedure to where the power of sale is void when attempting to collect on a debt that is no longer collectible. Attempting a wrongful **nonjudicial** sale of the property is in violation of the foreclosure statutes in Massachusetts that allow a nonjudicial sale is M.G.L.c. 244, §  14, § 35A. This complaint exceeds $75,000 in value. Plaintiff is not relitigating a previous action and is only defending against a new, active attempt to divest Plaintiff of property without lawful authority that began in August of 2025 and no other foreclosure attempt.

This action seeks emergency and permanent injunctive relief to stop an unlawful nonjudicial foreclosure initiated by the Defendants — the **attempt** to seize Plaintiff's property **without legal authority or standing**, in violation of Massachusetts foreclosure law and federal constitutional protections.

Plaintiff recognizes that multiple actions have previously been filed, but respectfully submits that **each lawsuit was a necessary and narrowly tailored response** to a **new**

**NONJUDICIAL foreclosure attempt**, involving new notices, parties, or factual circumstances.

This case is **not a re-litigation** of any previously adjudicated matter, but a **timely defense against an active, wrongful attempt to NONJUDICIALLY deprive Plaintiff of property rights** without due process.

Defendants' persistence in pursuing foreclosure despite fatal defects in their authority — including the lack of ownership of the debt, time barred debt, split of note and mortgage, and misapplication of bankruptcy discharge law — leaves Plaintiff no option but to seek this Court's intervention once again. Massachusetts law requires **strict compliance** with statutory foreclosure procedures (see *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637 (2011); *Eaton v. Fannie Mae*, 462 Mass. 569 (2012)), and **this attempted nonjudicial foreclosure is void on its face**.

Plaintiff does not seek to burden the judiciary or reargue settled issues. Rather, Plaintiff respectfully invokes this Court's jurisdiction to **prevent imminent and irreparable harm** resulting from a foreclosure action that **violates state and federal law**, including:

A)·    The Due Process Clause of the Fourteenth Amendment;
B)·    The Supremacy Clause (violations of 11 U.S.C. § 524(a) discharge injunction);
C)·    Fraudulent Notary signatures;
D)·    VIOLATIONS of Massachusetts foreclosure statutes (G.L. c. 244 §§ 14, 35A).
E):    VOID power of sale pursuant to the mortgage

Plaintiff seeks injunctive relief and any other remedies to protect Plaintiff's constitutional and statutory rights, and to stop an entity that **continues to assert rights it does not hold**.

## II.    JURISDICTION AND VENUE

1. Jurisdiction is appropriately laid in the United States District Court, District of Massachusetts under diversity jurisdiction pursuant to 28 U.S.C. §1331 and 1332.

2. Venue is appropriately laid in the District Court of Massachusetts under 28 U.S.C.

§1391(b)(2) as the events causing the claim occurred substantially within the State of Massachusetts at 65 Lovers Lane, Groton, MA.

3.  Supplemental jurisdiction under 28 U.S.C. §11367 for state-law foreclosure violations.

## III.  PARTIES

4.  Kyra I. Nelson ("Plaintiff") resides at 65 Lovers Lane, Groton, Massachusetts.

5.  Defendant Wells Fargo Bank, N. A. is located at 101 North Phillips Avenue, Sioux Falls, SD 57104.

## IV.   FACTUAL ALLEGATIONS

6.  In December of 2023, Plaintiff purchased the property for $499,000 paid with a promissory note and mortgage that accompanied the release of all interest of the seller and transfer of the Deed for both a $1 and other valuable consideration.

7. The sale to Kyra I. Nelson proved in a title report from a renowned and reputable corporation that it had no perfected liens from Wells Fargo Bank, N.A.

8. No *lis pendens* was ever recorded on the property prior to the bona fide purchaser acquiring the property. In fact, there has never been a *lis pendens* on this property at any time to identify a lawsuit or any legal action that would have an impact on the owner of the property at any time.

To date Bradley Nelson has the only perfected lien for which a debt exists as to the property besides the original lender of 2007.

9. THE DEBT IS NOT IN DEFAULT AT THIS TIME. THE DEBT IS NOT IN DEFAULT AS TO THE PROPERTY OWNER. THERE IS NO DEBT OWED BY THE PROPERTY OWNER. WITHOUT A DEFAULT OF THE DEBT THERE IS NO ADVANCE TO A NONJUDICIAL SALE.

10. Without a default of a debt, there is no "trigger" that allows the "power of sale" in the mortgage to be initiated into a sale of the property.

**MEMORANDUM OF LAW IN SUPPORT OF THE COMPLAINT FOR WRONGFUL FORECLOSURE PROCEDURES AGAINST BONA FIDE PURCHASER WITHOUT NOTICE OF UNPERFECT PROPERTY LIENS**

## V. ESSENTIAL REQUIREMENTS FOR A NONJUDICIAL FORECLOSURE

11. Statutory compliance is **mandatory**. There is **no exception** based on arguments, beliefs, or even equity, if the statutory formalities are not met. **Massachusetts law requires that mortgages and liens be perfected by proper execution, acknowledgment, and recording.**

**12. No amount of argument or persuasion can substitute for compliance with statutory requirements:**

   a) A claimant alleging a lien must prove it by statute and also have recorded **the release** of

   the original parties rights and this is not present on this property record.

13. Defendant is **attempting to collect a discharged debt**, in violation of **11 U.S.C. § 524(a)(2).** A discharged debt cannot "trigger" the power of sale clause in the Mortgage, and this nonjudicial foreclosure must be cancelled as a matter of law.

14. In Massachusetts, a statutory power of sale, authorized by MGL c. 183, § 21, allows a lender to sell a property through a non-judicial process without court involvement **if a borrower defaults on their mortgage, however there is no default of a debt by the property owner to trigger this procedure..**

**15. Strict Procedures:** Even though court approval is not required, nonjudicial sales are heavily regulated by state laws, which dictate the specific steps and timelines that must be followed.

**16. Notification Requirements:** Lenders are typically required to give the property owner formal notice of their default and the intent to sell the property well in advance of the sale date. The default notice is in violation of the strict requirements pursuant to:

- *Pinti v. Emigrant Mortgage Co.*, 472 Mass. 226 (2015) — strict compliance with notice requirements.

- *Johnson v. Home State Bank*, 501 U.S. 78 (1991) — discharge eliminates personal liability.

- *In re Pratt*, 462 F.3d 14 (1st Cir. 2006) — post-discharge collection attempts violate 11 U.S.C § 524(a).

- *Wells Fargo Bank National Association v Ester Ngotho*, 22-P-569 (2024) – holding that even after 17 years of litigating, Wells Fargo had no standing after the Chapter 7 bankruptcy discharge.

These violations cause the nonjudicial process to be unlawful and a sale is VOID.

17. The debt was discharged in a Chapter 7 bankruptcy in 2012 and was not part of the sale of the property as an interest of the previous owner as when the sale and release of all interests was made with the new owner, no debt was owed. The debt is no longer collectable, pursuant to Massachusetts law it is over the statute of limitations, and was not a personal interest that belonged to the property owner to sell.

18. The only party in interest as the Note, a nonnegotiable note that cannot transfer by a "blank" indorsment, is holder World Savings Bank, FSB. At the time of the bankruptcy the only **perfected lien,** which remains as the ONLY perfected lien on the property before the perfected lien of Bradley R. Nelson.

19. THE DEBT IS NOT IN DEFAULT AT THIS TIME. THE DEBT IS NOT IN DEFAULT AS TO THE PROPERTY OWNER. WITHOUT A DEFAULT THERE IS NO ADVANCE TO A NONJUDICIAL SALE.

## VI. LEGAL PERFECTED LIENS AGAINST PROPERTY

20. Only legally perfected and recorded liens provide notice and requirements to 3rd-parties to pay or respond in a lawful manner to a lien.

21. "Silent" or unperfected liens when not perfected do not and cannot be enforced against the new bona fide purchaser for value; bona fide purchaser is not responsible to the unperfected lien assignee, as specified in the Recordation Act and Statutes pursuant to M.L.G. c § 183. 4.

22.    **Unperfected liens are not owed by BONA FIDE Purchaser without notice.** *Tramontozzi v. D'Amicis*, **183 N.E.2d 295, 344 Mass. 514 (1962)  The case is cited in *In re* *Dupuis* for the principle that a mortgage not timely recorded or which contains a defective description so as to not give constructive notice may be avoided by a bona fide purchaser.** *Also, Norton v. West,* **394 N.E.2d 1125, 8 Mass.App.Ct. 348 (1979)**

**23.  *Lamson & Co., Inc. v. Abrams*, 25 N.E.2d 374, 305 Mass. 238 (1940) Another earlier case cited in *Dupuis* for the rule that an incorrect legal description can render the mortgage notice-defective so as to be avoidable.**

**24.  *Graves v. Graves,* 6 Gray 391 (1856), a case holding that where acknowledgment is lacking (so the mortgage is not properly acknowledged), the instrument is not properly recorded and thus does *not* provide constructive notice to bona fide purchasers.**

**25.  *Bank of America, N.A. v. Casey,* Trustee, 474 Mass. 556 (2016), Here the SJC held that an attorney's affidavit under G.L. c. 183, § 5B, which cures a defect in a mortgage's acknowledgment (that originally omitted the mortgagors' names), can render the mortgage properly recorded and thus give constructive notice to bona fide purchasers. Thus, until it is properly recorded (or defect cured), it may not bind a purchaser without notice.**

**26. *Gomes v. Harrison*, Court of Appeals, 2020, this case held that a purchaser in good faith for value without knowledge of defects in the chain of title is protected — an unrecorded (or off-record) mortgage or assignment that does not appear of record does not give notice, so the purchaser takes free of it.**

27. Lawsuits that allege a "persuasive argument" for the courts to review, materially fail to raise a legal ground, much less a final order or judgment, and do not perfect a lien on property. *In re Safina N. Mbazira* No. 16-1465 (2021) (First Circuit bankruptcy decision applying MA law, 2021)   This decision (applying Massachusetts law) rejected alternative arguments that an unrecorded mortgage (or one defectively acknowledged) could provide constructive or effective notice simply by argument or by registration in a different system (like Land Court) when statutory acknowledgment/recording requirements under the Registry of Deeds weren't followed.

28. "Constructive notice" in Massachusetts arises from **properly recorded instruments** (i.e. recorded in the Registry of Deeds in the proper form). Without that, even if someone knows or argues that a mortgage exists, a bona fide purchaser without actual knowledge is protected.

29. **Legal Authority : *Bank of America, N.A. v. Casey*, 474 Mass. 556 (2016)** "To provide constructive notice to a bona fide purchaser, a mortgage must be **properly executed and acknowledged**, and **duly recorded.**"

30. **Although there were arguments regarding a proof of claim or lift of stay, neither a rejected Objection or a permitted relief from stay perfect the lien on the property. Legal Authority : *In re Bower*, 2011 WL 1431611 (Bankr. D. Mass. Apr. 14, 2011)** "A mortgage that is not properly acknowledged is not entitled to be recorded... and does not provide constructive notice to third parties."

Pursuant **M.L.G. c § 183. 4.** Required recordation for perfection of this original World Savings Bank, FSB lien. If this was truly the path of this mortgage it would have to look like this to be noticed or enforceable:

    a. The 2006 sale of a World Savings, FSB to Wachovia Corporation – liens from World Savings were required to be recorded to the new corporation, Wachovia.

    b. The mortgage created by the Lender regarding the property herein was not created until 2007 and recorded by a World Savings Bank, FSB out of Texas on March 2, 2007, showing that this was a different World Savings Bank, FSB and not the bank purchased by Wachovia Corporation.

    c. In December of 2007, Recordation of Wachovia Corporation to the name change of Wachovia Mortgage Bank, FSB would have appeared in the property records if it was the same bank purchased by Wachovia Mortgage FSB. The mortgage was in the name of World Savings Bank, FSB after that company was sold to Wachovia and did not travel in this path.

    d. Perfection would have required an exact date, where none is mentioned or notated, a required recordation of Wachovia Mortgage, FSB to Wells Fargo Bank Southwest, NA if this was a Wachovia mortgage.

    e. Perfection would have required an exact date where none is mentioned or notated, a required recordation of Wells Fargo Southwest, N. A. to Wells Fargo Bank, NA, however, this was not the case.

    f. Worlds Savings in Texas was purchased by Wells Fargo South Central and not by Wachovia Corporation.

The perfected path of this chain of title for this mortgage to Wells Fargo, NA does not exist and there is no perfected lien by any of the purported predecessor banks that allow for perfection of a lien to Wells Fargo Bank, NA at this time.

31. In the latest ruling in a bankruptcy court although the judge did lift the stay pursuant to 362(d)(4) the judge rejected the foreclosure request pursuant to the fact that a creditor cannot use the bankruptcy process to avoid state foreclosure rules. The bankruptcy court does not have the authority to order a foreclosure directly. The standard procedure requires the creditor to file a motion in bankruptcy court to lift the automatic stay, which would then allow them to resume the foreclosure in state court, following all applicable state laws. This confirms that only the state court judicial litigation action (not a nonjudicial foreclosure) was the appropriate action required

for Wells Fargo who was denied creditor status. The creditor status and the payments for the perfected lien in the bankruptcy went to the 2023 Note and Mortgage in favor of Bradley R. Nelson the perfected lien holder on the property.

32. When and If the bankruptcy court grants the motion, it does not order the foreclosure itself. Instead, it lifts the automatic stay, permitting the creditor to resume or initiate the foreclosure process in the state court where the property is located. All state laws regarding foreclosure, such as notice periods and sale procedures, must still be followed.

33. Massachusetts courts have held that **a lift of stay is not a judgment of entitlement to foreclose**, just a return to the **state law process**:

> a) *In re Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007) – Lift of stay is not a ruling on state  foreclosure rights.
>
> b) *In re Radden*, 35 B.R. 821 (Bankr. E.D. Va. 1983) – Lifted stay doesn't mean foreclosure is automatically valid.

34. The unperfected liens of Wells Fargo does not impair property rights.

35. The Court rejected the idea that **an affidavit or other statement alone** could perfect a mortgage.

## VII. DEFECTS IN THE AFFIDAVIT OF FARISHA DEMERY: VIOLATIONS OF BOTH §25B and §35C DISALLOWING THE NONJUDICAL PROCEDURE

36. The need to comply with all aspects of M.G.L. C. c. 183, § 5B, and the other formal statutory requirement that the affidavit must be made by an individual claiming personal knowledge of the facts, that would be impossible as the signer has no information regarding the assets that were included in the PURCHASE and stock merger between World Savings Bank, FSB in 2006 and Wachovia Corporation.

37.  The affiant claims that there is a good faith affidavit; however the affiant has no path, no personal knowledge or records that contain the assets involved when the name of the World Savings Bank, FSB in California merged with Wachovia and the name was modified.

38.  The affiant has no personal knowledge or records that contain the assets in a merger between Wachovia Mortgage and Wells Fargo Bank Southwest.

39. The affiant has no personal knowledge or records of the merger assets that were obtained by Wells Fargo Bank, NA in South Dakota and how these assets were different from the other mergers of the other Worlds Savings Bank, FSB, for instance the bank in Texas, and the other World Savings Bank charters that merged , but were not mergers with Wells Fargo Bank, NA.

40.  Pursuant to both **§25B and §35C**, the foreclosing party is swearing—under penalty of perjury, however, the notary signature is a false and/or fraudulent notary signature per the Secretary of State of North Carolina, and the affiant has no "personal" knowledge, only records that appear in the computer at the office of the affiant.  There are papers from the Office of the Comptroller of the Currency that do not agree or match the office computer that are facts not known by the affiant.  "Personal knowledge" is not available as the affiant has not presented the regulator records that have the knowledge of these banks officially recorded.

41. A formal objection to the truthfulness and legal sufficiency of this false affidavit and the ability to preserve Plaintiff's rights and defenses under Massachusetts law has been recorded appropriately and stands in the property records. See Exhibits A through G.

## VIII.  TRIGGER OF THE "POWER OF SALE CLAUSE" PURSUANT TO THE DEFAULT OF THE NOTE/ DEBT

42 Ongoing attempts to enforce a debt that is not legally owed based on legal defects in the Notices of Default to a party that is no longer the owner of the collateral is not *res judicata* or

issue preclusion for the new unlawfully filed documents at the recorder's office in Middlesex South (i.e. the Notice of Default).

**43. Notice of Default Must Be Accurate and Not Deceptive.** The default/ acceleration notice must include what the mortgage and statute require, not misrepresent or omit crucial information, and not conflict with or mislead regarding a borrower's rights (for example, the right to reinstate). Even relatively small defects have been held fatal. Asking for a party that no longer has a requirement to pay is more than a small defect, it is fraud. Asking a party to make all the past due payments where there are no past due payments is fraud.

44. Threatening to take a person's property when they owe no debt at all is fraud. Wells Fargo has admitted in open court that Plaintiff owes them no money, has no debt to pay and is not in default of any promissory notes. Starting a foreclosure process with a letter of default to a 3rd party non-owner to the property and a threat to pay or lose another party's home, in this case Plaintiff's home, is unlawful and the process must be stopped and Wells Fargo must cease and desist this activity to collect on the debt that is no not due and owing by Plaintiff.

45. A Notice of Default must be sent to a borrower who personally owed the debt, and is in default, as the first step to initiate a nonjudicial foreclosure. There is no debtor in default at this time.

**46. Title Defects/ Void Foreclosures** In *Pinti v. Emigrant Mortgage Co., Inc.* (2015), the SJC voided a foreclosure sale on grounds of a defective notice of default — the notice misused terminology ("lawsuit for foreclosure and sale" versus "court action to challenge"). Even though the discrepancy might sound minor, it was held sufficient to void an already completed foreclosure.

47. There was and is no personal debt for whom anyone could be sent a Notice of Default.

48. A Notice of Default was erroneously sent to Mr. Bradley Nelson (not to Plaintiff) who no longer resides or owns the property at 65 Lovers Lance, Groton, MA and who has been discharged in a Chap. 7 Bankruptcy.

49. No one exists today to whom the Notice of Default could be sent as nonjudicial foreclosure is no longer an available remedy.

50 The notice of default was defective because this debt can no longer go into default as it is not owed and therefore, the default, having been adjudicated and discharged in bankruptcy in 2012 can no longer be considered to be in default.

51. The Notices are fraudulent, with fraudulent notary signatures and fraudulent notarization actions. The notice was done without personal knowledge by the Affiant as there is no personal knowledge that matches the facts of this case and the Affiant's claim is merely that she reviewed records made by other companies and were now a part of the files for Ms. Nelson. However, these records contained no facts, only statements made by previous employees that sat at a computer and did some typing into the record. This Affiant could not even identify the positions of the typist or refer to any legal documentation that contained verifiable information of facts required to identify assets transferred from or to during a merger of stock holders rights.

52. A claimant alleging a lien must prove it by statute and also have recorded the release of the original party's rights and this is not the case.

Stock mergers do not relieve anyone of the duty to record liens on property under Massachusetts laws.

53. A foreclosure was noticed for a sale to take place on September 29, 2025. This current action is to prevent an unlawful non-judicial sale of the Property at 65 Lovers Lane, Groton, Massachusetts to the public.

54. Wells Fargo must be enjoined from proceeding to a sale to prevent further harm to Plaintiff KYRA I. NELSON (hereinafter also "Plaintiff" or "Kyra") whose Property is Homestead-protected, has no debt owed by Plaintiff to Defendant, and this property has no lien from Wells Fargo Bank, N.A.

55. Well Fargo Bank, N.A. is an erroneously identified "mortgagee" in the Servicemembers Civil Relief Act Complaint's false affidavit; therefore, as a bona fide purchaser for value, Plaintiff had no notice of a lien from Wells Fargo before Plaintiff purchased the Property as a bona fide purchaser for value.

56. A power of sale is a clause written into a mortgage note authorizing the mortgagee to sell the property in the event of default in order to repay the mortgage debt. This is the only trigger to the power of sale.

57. Without a default of the debt, which is the situation here, there is no trigger for the nonjudicial foreclosure sale, which must be cancelled as a matter of law.

## CONCLUSION: NONJUDICAL SALES PROCEDURE IS UNLAWFUL LEADING TO A WRONGFUL FORECLOSURE WHICH IS A VOID SALE IF CONTINUED

Under Massachusetts law, a mortgage or lien is not perfected—and does not bind subsequent bona fide purchasers—unless it is properly executed, acknowledged, and recorded in compliance with statutory requirements. See *Bank of America, N.A. v. Casey*, 474 Mass. 556, 560 (2016) ("To provide constructive notice to a bona fide purchaser, a mortgage must be properly executed and acknowledged, and duly recorded."). A party's mere assertion or argument that a lien exists, or should be honored, is legally insufficient to perfect an interest in property. See also *Gomes v. Harrison*, 98 Mass. App. Ct. 1126 (2020) (holding that an unrecorded mortgage assignment does not provide constructive notice, and therefore does not impair the rights of a bona fide purchaser). Similarly, in *In re Bower*, 2011 WL 1431611 (Bankr.

D. Mass. Apr. 14, 2011), the court held that a mortgage that was not properly acknowledged could not provide constructive notice to third parties, regardless of any equitable arguments. Massachusetts law is unambiguous: recording statutes must be strictly followed, and no amount of post hoc reasoning or persuasive argument can substitute for actual compliance. Accordingly, because the World Saving Bank, FSB mortgage/lien is not released, is not acknowledged in any legal papers regarding the Wachovia Corporation's purchase of World Savings Bank, FSB in 2006 and Wells Fargo Bank, N.A.'s claim (of a lien) has never been properly recorded, also objections to affidavits exist on record, no judgments are in favor of Wells Fargo Bank, only denials of evidentiary hearings and objections to claims in bankruptcy, the claim is a defective acknowledgement and remains unrecorded and it remains unperfected and unenforceable against the interests of Kyra I. Nelson who is the bona fide purchaser for value.

There is no default of a debt, an unlawful notary acknowledgement and no debt owed, there exists no "trigger" to allow a nonjudicial procedure to proceed at this time. JURY DEMAND.

Dated:  September 17, 2025

Respectfully submitted,

Kyra I. Nelson
65 Lovers Lane
Groton,  MA 01450
617-821-2341
kyra.nelson5@gmail.com

Attachments:

Affidavit of Objection Exhibits A through G

# CERTIFICATION OF EFFORTS TO GIVE NOTICE

Pursuant to Mass. R. Civ. P. 65(b), I, [Your Full Name], hereby certify as follows:

1. I am the Plaintiff in the above-captioned action.
2. On September 17, 2025, I attempted to give notice to Defendant Wells Fargo Bank, NA regarding my intention to seek a Temporary Restraining Order.
3. My efforts to provide notice included:
   o I contacted the FDIC for information on the proper officer to receive documents related to a filing of a complaint in a court of law in Massachusetts. I called the location (605) 575-6900 and I was assured that the operations manager Tim Bilerback would be provided with the information regarding this hearing. I was also told that a message would be provided to the CEO Charles Scharf, located at the headquarters 101 NORTH PHILLIPS AVENUE , SIOUX FALLS, SD, UNITED STATES 57104 , would receive the over-night envelope that I had forwarded to this location that was sent immediately after filing of the Complaint and TRO. In my phone call and messages, I did ask for an alternative party to receive notice of the hearing at this court.
4. Despite these efforts, I am not sure if all parties were informed, or that I was unable to provide actual notice in time because I had to leave messages with personnel that promised to pass along the information, but I did not receive actual confirmation of same.
5. I have sent notice by over-night service also, and since signature is required, it is possible that I will be receiving the confirmation before the hearing is set by this court.
6. The sale of the collateral is scheduled in a couple of days; Defendant's contact information is limited; no attorney of record is yet known.
7. Immediate and irreparable harm will occur if the Court does not issue relief before notice can be confirmed.

I certify under the pains and penalties of perjury that the foregoing is true and correct.

Dated: September 17, 2025

Respectfully submitted,

*Kyra I. Nelson* (signature)

Kyra I. Nelson
65 Lovers Lane
Groton, MA 01450
617-821-2341
kyra.nelson5@gmail.com

This one is district Court in Worchester

Under 28 U.S.C. 1441(a), a defendant has the right to remove any action from State court to a district court that has original jurisdiction.
In the subject case, the defendant argued that the court had diversity jurisdiction over the matter, which required it to prove that the parties were citizens of different states and that the amount in controversy exceeded $75,000. It was not disputed that the parties were citizens of different states. Thus, the only issue was whether the defendant proved that the amount in controversy requirement was met. The court noted that the plaintiff's complaint did not set forth a specific amount of damages.

**Massachusetts district court in worcester for diversity jurisdiction**

<u>Worcester District Court</u>

Courthouse   225 Main St, Worcester      Closed · Opens tomorrow 8:30 AM · (508) 831-2010

**United States District Court**

Courthouse   595 Main St, Worcester    (508) 929-9900

COMPLAINT FOR WRONGFUL NONJUDICIAL FORECLOSURE PROCEDURES AGAINST *BONA*     **16**
*FIDE* PURCHASER WITHOUT NOTICE OF UNPERFECT PROPERTY LIENS