UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KYRA I. NELSON,<br><br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No: 1:25cv12650-AK<br>)<br>)<br>)<br>)<br>) |

WELLS FARGO BANK, N.A.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this memorandum of law in support of its Motion to Dismiss.

I.      Introduction.

This lawsuit is the latest chapter in a decade long, bad faith litigation-based scheme used by Plaintiff Kyra I. Nelson ("Plaintiff" or "Kyra") and her father, Bradley R. Nelson ("Mr. Nelson," and with Plaintiff, the "Nelsons") to delay Wells Fargo's efforts to foreclose on 65 Lovers Lane, Groton, MA (the "Property") so that they can live there for free. **All** prior cases have been resolved in Wells Fargo's favor.  Nonetheless, the Nelsons refuse to accept the numerous binding rulings from multiple courts confirming that Wells Fargo may enforce its mortgage and foreclose on the Property.  The complaint ("Complaint") in this case is nothing more than an impermissible re-do of prior failed suits.  This Court, like others before it, should reject Plaintiff's attempt to delay the foreclosure and dismiss this case with prejudice and without leave to amend.

II.     Factual And Procedural Background.

On March 2, 2007, Mr. Nelson executed a promissory note ("Note") in favor of World Savings Bank, FSB ("WSB") in the original amount of $511,500.00. See Nelson v. Wells Fargo

Bank, N.A., 621 B.R. 542, 545 (1st Cir. BAP 2020), Ex. 1.  To secure repayment, he granted a first mortgage ("First Mortgage") on the Property to WSB and its successors and assigns. Id. [1]

After the First Mortgage was executed, "[e]ffective December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ('Wachovia'). On November 1, 2009, Wachovia converted into a national bank with the name Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank, N.A. on the same date." Id.  Thus, Wells Fargo became entitled to enforce the First Mortgage by operation of law. See infra; 12 U.S.C. § 215a.

In 2010, Mr. Nelson had financial difficulty and accepted a loan modification. Nelson, 621 B.R. at 545.  Years later, Mr. Nelson filed a voluntary petition under Chapter 7. Id. at 546; In re Nelson, No. 12-16220-JNF (Bankr. D. Mass. 2012).  On his bankruptcy schedules, sworn to under the penalties of perjury, Mr. Nelson listed "Wells Fargo Home Mortgage" as the holder of his mortgage. Id.  During that case, the court granted Wells Fargo relief from the automatic stay to foreclose, and Mr. Nelson obtained a discharge ("Discharge"). Nelson, 621 B.R. at 546.

On September 4, 2014, Mr. Nelson filed suit in Middlesex Superior Court (Nelson v. Wells Fargo Bank, No. 1481CV07270), which was removed to this Court (No. 1:14-cv-14087-DJC (D. Mass. 2017). The issues raised in that case include some of the same issues argued here. Specifically, Mr. Nelson claimed WSB had "'no legal right' to foreclose." Nelson, 621 B.R. at 546. Wells Fargo moved to dismiss arguing that its rights transferred by operation of law without the need for endorsements or assignments. Id. at 546-547.  In two separate orders, this Court ruled in Wells Fargo's favor and granted summary judgment.  See Nelson v. Wells Fargo Bank, N.A., 1:14-cv-14087-DJC (Doc. Nos. 63) (D. Mass. Dec. 29, 2016) (Casper, J.), Ex. 2; Nelson v. Wells Fargo

---

[1] Foreclosure is proceeding under the First Mortgage.  For context, on March 2, 2007, Mr. Nelson also entered into a home equity line of credit agreement ("HELOC") with WSB and its successors and/or assignees in the amount of $102,300.00. Nelson, 621 B.R. at 545.  The HELOC was secured by a second mortgage on the Property ("Second Mortgage"). Id.  In February 2011, he accepted a modification of the Second Mortgage. Id. at 548.

Bank, N.A., 1:14-cv-14087-DJC (Doc. No. 77) (D. Mass. May 25, 2017) (Casper, J.), Ex. 3. Mr. Nelson did not appeal.

Next, on May 10, 2019, Mr. Nelson filed a second petition ("Mr. Nelson's Second Bankruptcy") with the United States Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court"). Nelson, 621 B.R. at 547; In re Nelson, No. 19-40773-CJP (Bankr. D. Mass. 2019). During the case, Mr. Nelson challenged Wells Fargo's ownership rights, objected to Wells Fargo's proofs of claim and, conversely, Wells Fargo sought relief from stay. Nelson, 621 B.R. at 547-551. After oral argument, the court rejected Mr. Nelson's arguments, overruled his claim objections, and granted Wells Fargo relief from stay to foreclose. Id. at 556-561. The United States Bankruptcy Appellate Panel for the First Circuit ("BAP") affirmed. Id.

On June 30, 2023, Mr. Nelson filed another complaint in Middlesex Superior Court ("Mr. Nelson's Second Middlesex Case"). See Nelson v. World Savings Bank, FSB, et al., No. 24-P-888, 106 Mass.App.Ct. 1101, 2025 WL 2535808 at *1 (Sept. 4, 2025) (unpublished), Ex. 4. Once again, Mr. Nelson challenged Wells Fargo's authority to foreclose, but the court granted Wells Fargo's motion to dismiss and entered judgment in its favor. Id. Mr. Nelson appealed. Judgment was affirmed with a finding the appeal was "frivolous." Nelson, 2025 WL 2535808 at *5.[2]

During Nelson's Second Middlesex Case, he transferred the Property to his daughter via a warranty deed for one dollar. Id. at *2. On August 28, 2024, having acquired title to the Property, Kyra filed a complaint in Worcester Superior Court seeking an injunction and declaratory relief to prevent a sale scheduled for October 21, 2024. See Nelson v. Wells Fargo Bank, N.A., No. 24-CV-1000B (Worc. Sup. Ct. 2024). Kyra's injunction request was denied and the case dismissed.

---

[2] He has filed an application for further appellate review. Nelson v. World Savings Bank, FSB, et al., FAR-30593.

With a foreclosure auction rescheduled, Kyra filed a second lawsuit. After extensive motion practice and Kyra's injunction request being denied (again), judgment entered in Wells Fargo's favor dismissing the case with prejudice on *res judicata* grounds. Nelson v. Wells Fargo Bank, N.A., No. 2481CV03000 (Middlesex Sup. Ct. July 21, 2025) (Barrett, J.), Ex. 5.

On November 21, 2024, Kyra commenced her first bankruptcy case. In re Kyra I. Nelson, 24-41202-EDK (Bankr. D. Mass. 2024). Wells Fargo filed a proof of claim, which Kyra challenged. After hearing, her objection was overruled. See In re Kyra I. Nelson, 24-41202-EDK (Doc. No. 130) (Bankr. D. Mass. April 2, 2025) (Katz, J.), Ex. 6.[3] Simultaneously, Wells Fargo moved for relief from stay to foreclosure. After hearings and arguments, the court granted Wells Fargo *in rem* relief. See Order, Ex. 7. Kyra appealed both orders. See In re Nelson, 1:25cv11057-AK (D. Mass. 2025); In re Nelson, 1:25cv11178-AK (D. Mass. 2025). Notwithstanding the appeals, Kyra confirmed a bankruptcy plan. Nevertheless, the court reiterated Wells Fargo's right to foreclose and pursue its *in rem* rights. See In re Kyra I. Nelson, 24-41202-EDK (Doc. No. 173) (Bankr. D. Mass. May 7, 2025) (Katz, J.), Ex. 8.

### III.    Argument And Authorities.

A.    The Complaint Does Not Meet the Iqbal/Twombley Plausibility Standard.

To survive a motion to dismiss, a complaint must state a claim upon which relief can be granted and be plausible on its face. See Fed. R. Civ. P. 12(b)(6); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007)). A claim fails where it lacks factual allegations to support each of its material elements. See Leonard v. Am. Med. Response, No. CIV.A. 09-10031-RGS, 2009 WL 1883725, at *3 (D. Mass. July 1, 2009) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988). As the First Circuit has stated, "[i]n resolving a motion to dismiss, a court should

---

[3] Kyra also filed an adversary complaint that was later dismissed. Nelson v. Wells Fargo Bank, N.A., 25-04012-EDK.

employ a two-pronged approach." Ocasio–Hernández v. Fortuño–Burset, 640 F. 3d 1, 12 (1st Cir. 2011) (applying Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Twombly, 550 U.S. at 555). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (quoting Ocasio–Hernández, 640 F. 3d at 7, 11-13). "Step two: take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. If they do, then "the claim has facial plausibility," and can withstand a motion to dismiss. Ocasio–Hernández, 640 F.3d at 12 (quoting Iqbal, 129 S. Ct. at 1949). While the Court must "view the well-pleaded facts in light most favorable to plaintiff, [it] need not 'swallow [plaintiff's] invective hook, line, and sinker.'" Palmer v. Champion Mortg., 465 F.3d 24, 28 (1st Cir. 2006) (quotations omitted).

Here, Plaintiff's Complaint is incoherent and disjointed, and appears to be cut-and-pasted with the same paragraphs repeating. Compare Compl. ¶¶ 9 with 19.[4] In other places, the Complaint fails to explain what relief is requested, what rule or statute affords relief, or even why relief is proper. Plaintiff seems to argue that Wells Fargo has not (nor can it ever) send proper notice. See e.g. Compl. at ¶ 50 ("The notice of default was defective because this debt can no longer go into default as it is not owed and therefore, the default, having been adjudicated and discharged in bankruptcy in 2012 can no longer be considered to be in default."), ¶54 ("Wells Fargo must be enjoined from proceeding to a sale to prevent further harm to Plaintiff … whose Property is Homesteaded-protected, has no debt owed by Plaintiff to Defendant, and this property has no lien from Wells Fargo Bank, N.A."). This assertion is factually and legally incorrect and is patently

---

[4] Kyra's Complaint also shares identical portions of Mr. Nelson's brief, as well. Compare Compl. 8 (Doc No. 1) with Compl., ¶17 from Nelson v. Wells Fargo Bank, N.A., 1:25-cv-12688-AK (Doc. 1).

5

absurd given the numerous rulings to the contrary during the history of this litigation.  It is not plausible for Plaintiff to assert that Mr. Nelson's Loan is not in default or that Wells Fargo's does not hold a mortgage on the Property.  There is no dispute that Wells Fargo is the successor to WSB. See Orders, Ex. 2, 3 (Casper, J.).  Wells Fargo can foreclose its mortgage – full stop.  Nothing Plaintiff alleges (or can allege) changes this indisputable fact. Because Kyra's conclusory assertions are wrong, her threadbare, conclusory allegations fails to state a claim for relief. Likewise, her statement that Wells Fargo is "without legal authority or standing" is not plausible where courts have ruled that Wells Fargo has a perfected lien and can enforce its *in rem* rights.

Without sufficient explanation or elaboration, Plaintiff also alleges that Wells Fargo has engaged in "fraud" for attempting to collect debt that does not exist, provided "fraudulent" notices, a "fraudulent notary signature and fraudulent notarization actions." Compl., ¶¶ 43, 44, 51.  But, this is plainly insufficient.  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).  The particularity requirement requires a complaint to specify "the time, place, and content of an alleged false representation." United States ex. rel. Kelly v. Novartis Pharms. Corp., 827 F.3d 5, 13 (1st Cir. 2016) (citation omitted). Conclusory allegations and references to "plans and schemes" are not enough. Id.  Read liberally and in her favor, the Complaint relies upon legal conclusions and vague statements without specific factual allegations sufficient to meet the plausibility standard.

B.       Alternatively, Plaintiff's Claims Are Barred by *Res Judicata*.

1.       *The Court May Consider Res Judicata At The Motion to Dismiss Stage.*

On a motion to dismiss, the Court may consider an affirmative defense, such as *res judicata*. In re Colonial Mortg. Bankers Corp., 324 F.3d at 15-16.  Indeed, "[e]ven without a motion, 'a court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with

the *res judicata* policy of avoiding judicial waste.'" Id.  For dismissal to be appropriate, two conditions must be met.  "The first condition is that the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice. The second condition is that the facts so gleaned must conclusively establish the affirmative defense." Id.  Both conditions are met here.

2.      *Res Judicata Requires Dismissal.*

*Res judicata* "describes doctrines by which a judgment has a binding effect in future actions." Jarosz v. Palmer, 436 Mass. 526, 531 n.3 (2002); see In re Colonial, 324 F.3d at 16 ("Federal law determines whether an earlier judgment, rendered in a federal court, bars the maintenance of a subsequent federal court action."). *Res judicata* encompasses issue preclusion, which prevents the relitigation of distinct issues, and claims preclusion, which prevents the repeated litigation of claims.  Plaintiff's claims here are barred by both issue preclusion and claim preclusion.  *Res judicata* applies to bar this case because the Nelsons have already litigated and lost the same claims and issues (or variations thereof) that they reassert now.  In fact, multiple courts have *already* held that *res judicata* applies to bar the Nelsons' claims.  Kyra knows that she has a preclusion problem – she attempts to preemptively address *res judicata* in her Complaint (see Compl. ¶ 42), but her efforts fail.  The Court must reject her attempted re-do.

a.      <u>*Issue Preclusion Bars Plaintiff From Relitigating Wells Fargo's Standing*</u>.

Plaintiff's main contentions are that Wells Fargo is conducting (1) an "unlawful nonjudicial foreclosure," (2) is attempting to collect discharged debt, (3) she is a bona fide purchaser, (4) there is "no debt" to collect.  Each incorrect theory has been litigated before in Wells Fargo's favor.

"The doctrine of issue preclusion provides that when an issue has been 'actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment,

7

the determination is conclusive in a subsequent action between the parties whether on the same or different claim.'" (quotation and citation omitted). Jarosz v. Palmer, 436 Mass. 526, 530-531, 766 N.E.2d 482 (2002). *Res judicata* prevents parties from re-litigating issues or a matter already decided, conserves valuable judicial resources, reduces costs, and respects the finality of judgments. Treglia v. MacDonald, 430 Mass. 237, 240 (1999). When *res judicata* is based upon prior decisions or rulings from federal courts, the determination is governed by federal law. See Iannochino v. Rodolakis (In re Iannochino), 242 F.3d 36, 41 (1st Cir. 2001).

"Under the federal standard of issue preclusion, a party must establish four essential elements: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment." Int'l Strategies Grp., Ltd. v. Pomeroy (In re Pomeroy), 353 B.R. 371, 376 (Bankr. D. Mass. 2006) (citation omitted).[5] Here, the elements are easily met.

*First*, the issues to be precluded are the same as Plaintiff has already requested injunctive relief and has been denied. See Order, at 3, Ex.7 (discussing denials of injunctive relief). More importantly, the issue of enforceability of Wells Fargo's mortgage loan presented in this case is identical to the same issue presented in this Court, Middlesex Superior Court, Worcester Superior Court, earlier bankruptcy cases, the BAP, and most recently, on appeal at the Massachusetts Appeals Court. Here, Plaintiff states, "[t]he perfected path of this chain of title for this mortgage to Wells Fargo, NA does not exist and there is no perfected lien by any of the purported predecessor

---

[5] Massachusetts law is essentially the same. A court "must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998). "Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment." Id. at 844 (citation omitted).

banks that allow for perfection of a lien to Wells Fargo Bank, NA at this time." Compl., 8.  This is nonsense.  Kyra and her father have tried this argument time and time again, but it has been rejected in multiple decisions.  The validity, priority, and enforceability of Wells Fargo's Loan is established and not subject to challenge here because it has already been litigated to finality by this Court, among others.  Because enforceability has been essential to the courts' rulings, collateral estoppel bars her from a "re-do" here.   Further, the enforceability of Wells Fargo's Loan despite the Discharge is well settled. See Nelson, 621 B.R. at 558-559. ("The bankruptcy court … correctly rejected the Debtor's discharge in the Prior Bankruptcy Case as a defense to denying stay relief and appropriately authorized Wells Fargo to proceed with its state law remedies against the Property.").  Further still, Mr. Nelson conceded he was in default in briefing in the Massachusetts Appeals Court and the Middlesex Superior Court rejected her Kyra's bona fide purchaser claim.

*Second*, each of these issues was litigated on the merits as reflected in this Court's orders, the Bankruptcy Court's orders, the BAP decision, the Middlesex Superior Court order, the Worcester Superior Court's order, and the Massachusetts Appeals Court's decision.

*Third*, the issues were each decided in final decisions. See Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996) (a decision under Rule 12(b)(6) is a decision on the merits); Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 693 (1974) (holding summary judgment "must be given *res judicata* effect in any subsequent proceeding involving the same parties and the same claim."); U.S. for Use and Benefit of Allen Const. Corp. v. Verrier, 179 F. Supp. 336, 343-344 (D. Me 1959) ("the allowance or disallowance of a claim by the bankruptcy court is *res judicata* as between the creditor and the trustee in the bankruptcy proceedings themselves and in subsequent proceedings with respect  to the bankrupt estate.") (citation omitted). Mr. Nelson did not appeal the dispositive orders from this Court, which are final.  He appealed the

9

Bankruptcy Court's orders in his Second Bankruptcy, and the BAP ruled against him. His appeal of the Second Middlesex Superior Court's dismissal was recently affirmed.

*Fourth*, in each of the prior cases the issues were essential to the outcome where the issues were expressly briefed, argued, and fully litigated. While Kyra was not herself a party in many of the prior cases, she is in privity with Mr. Nelson. Privity for *res judicata* purposes does not have a universally accepted definition and depends on the relationship of the parties in the prior adjudication and the party to be bound. See Degiacomo v. City of Quincy, 476 Mass. 38, 43 (2016); Geiselman v. U.S., 808 F. Supp. 86, 88-89 (D. Mass. 1992) (privity extends to others not in original suit where closely identified). "[P]rivity is best understood simply as a legal conclusion that follows from an analysis of the relationship between the parties to a prior adjudication and the party to be bound." Id. at 43. "[T]he determination whether a nonparty is in privity with a party depends on the nature of the nonparty's interest, whether that interest was adequately represented by a party to the prior litigation, and whether binding the nonparty to the judgment is consistent with due process and common-law principles of fairness." Id. at 43-44; see also N.L.R. B. v. Donna-Lee Sportswear Co., 836 F.2d 31, 34 (1st Cir. 1987) (covering "elusive concept" of privity).

A grantee of a deed is considered in privity with the grantor for *res judicata* purposes and therefore cannot bring a claim that has already been brought by the grantor. See, e.g., Solomont v. Howe Real Est. Advisors, LLC, No. 11 MISC. 448092 GHP, 2011 WL 4483960, at *8-9 (Mass. Land Ct. Sept. 28, 2011) (*res judicata* applies where defendants were grantees and successors in interest to title, which had already been litigated by grantor). Massachusetts courts have similarly held that an assignee is in privity with an assignor, for *res judicata* to apply as to the assignee. See Wenzel v. Sand Canyon Corp., 841 F. Supp. 2d 463, 483, n.22 (D. Mass. 2012) (assignee bank in privity with assignor bank and *res judicata* bars claim against assignee); see also Republic Sec.

Corp. v. P.R. Aqueduct & Sewer Auth., 674 F.2d 952, 955-57 (1st Cir.1982) (holding assignee of a contract precluded from litigating a claim asserted by assignor in prior action).

Here, Kyra is in direct contractual privity with Mr. Nelson because she took her deed from him. She took whatever interest in the Property her father had. There is perhaps no better and proper application of the "elusive concept" of contractual privity than a transfer of property rights via a deed (here, to a family member) for a nominal amount of sale ($1.00) and while trying to avoid foreclosure after ten years of non-payment. If privity and *res judicata* did not apply to these facts, it would mean that any borrower could challenge their mortgage and foreclosure for years, exhausting all avenues of appeal, and only then, once fully defeated, transfer the property to a family member, a friend, or even a stranger, and that transferee could then relitigate the same issues as if nothing had occurred. That is not and cannot be the law. See Geiselman, 808 F. Supp. 86, at 88-89 (holding close relationship between the parties and sale of interest allows one to "stand in the shoes" of another). In fact, multiple courts correctly applied privity law and found privity between Kyra and her father. See Order, at 5, Ex. 5 ("Although plaintiff was not a party to her father's prior suits and bankruptcy case, she is, nevertheless in privity with him, and thus, issue preclusion still applies."); Order, at 4-5, Ex. 6 ("Here, the Court easily concludes that [Kyra] and Bradley are in privity with one another for purposes of applying issue preclusion in this case.").

> b.    *Claim Preclusion Also Bars Plaintiff's Claims.*

Claim preclusion also bars Plaintiff's case. "[C]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Duross v. Scudder Bay Capital, LLC, 96 Mass. App. Ct. 833, 836 (2020) (quotation omitted). "The preclusive effect of a state-court judgment is governed by state law, and the preclusive effect of a federal-court judgment is governed by federal law." McLarnon v. Deutsche Bank Nat'l Trust Co., No. 14-13233-FDS, 2014

WL 5317813, at *3 (D. Mass. Oct. 17, 2014) (citation omitted). "However, the conditions for application of the doctrine are essentially the same." Id. Under both state and federal law, for claim preclusion to apply there must be "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843 (2005) (citation omitted); McLarnon, 2014 WL 5317813, at *3. Here, the claim preclusion elements are easily met.

*First*, the parties are the same. Wells Fargo has been the defendant in all of these actions. Plaintiff, or her father with whom she is in privity, filed all the actions.

*Second*, the causes of action, which are loosely identified "injunctive relief" and "wrongful foreclosure" are substantively the same as those asserted in prior cases. "Causes of action are the same for the purposes of *res judicata* when they 'grow[ ] out of the same transaction, act, or agreement, and seek[ ] redress for the same wrong.'" LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 325 (2021). Plaintiff and her father challenged Wells Fargo's rights previously. She does the same thing now. All claims grow out of the same transaction, act, or agreement and seek to address the same alleged wrong. They are identical for claim preclusion purposes.

*Third*, this Court granted summary judgment in Wells Fargo's favor. Mr. Nelson did not appeal. The Bankruptcy Court's orders in Mr. Nelson's Second Bankruptcy were appealed and judgment affirmed. The Middlesex Superior Court granted a motion to dismiss in Wells Fargo's favor against Mr. Nelson and that decision was affirmed. The Middlesex Superior Court granted a motion to dismiss Wells Fargo's favor against Kyra, as well. Therefore, the prior cases bar Plaintiff from asserting the same claims or claims arising out of the same transaction.

C.      Plaintiff's Claims Otherwise Fail on the Merits.

        Kyra's claims otherwise fail as a matter of law and should be dismissed for several reasons:

12

1.    *Plaintiff Cannot Challenge A Mortgage To Which SheIis Not a Party.*

Plaintiff lacks standing to challenge the foreclosure of the First Mortgage because she is not, and has never been, a party to that contract.  Only a party, or an intended third-party beneficiary, to a contract has the right to enforce the agreement. See Sheedy v. Bank of New York Mellon, 286 F. Supp. 3d 237, 241 (D. Mass. 2017) (quoting Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 290 (1st Cir. 2013)) ("A 'nonparty who does not benefit from a contract generally lacks standing to assert rights under that contract.'"); Muckle v. Fremont Investment & Loan, 2010 WL 1344967 (D. Mass. March 31, 2010) (dismissing complaint for lack of standing because plaintiff "may not bring a claim when he was not a party to the loan agreements.").  In the context of a mortgage, Massachusetts courts hold that a non-party to a mortgage does not have authority to challenge a foreclosure on property subject to that mortgage.  See, e.g., Ten Diamond St. Worcester Realty Tr. v. Farrar, 2021 WL 2688817, at *3 (Mass. App. Ct. Jun. 29, 2021) (unpublished) (non-parties to loan agreement "had no standing to challenge the validity of the foreclosure"); Kelly v. Deutsche Bank Nat. Tr. Co., 789 F. Supp. 2d 262, 267 (D. Mass. 2011) (borrower lacked standing to challenge foreclosure under the terms of separate PSA).  Here, Mr. Nelson granted the Mortgage in 2007.  He was the sole owner of the Property and the sole mortgagor.  It was not until December 2023, well after default and after years of unsuccessful litigation, that he transferred his interest in the Property to Plaintiff.  Plaintiff has never been a party to the First Mortgage, and therefore she lacks standing to challenge it.

2.    *Wells Fargo Is The Successor-In-Interest To World Savings Bank.*

Wells Fargo is the successor-in-interest to WSB. Kyra's assertion to the contrary is indisputably wrong and is not a challenge available to her in this litigation.  **This Court** already granted summary judgment in Wells Fargo's favor in a prior case, finding as an *undisputed fact* that Wells Fargo is the successor to WSB:

13

On March 2, 2007, Nelson entered into a loan and a line of credit with World Savings Bank, FSB ("World Savings"), which were secured by a mortgage on Nelson's property. D. 70, ¶¶ 1-2. ***On December 31, 2007, World Savings merged with Wachovia Mortgage, FSB ("Wachovia"), which in turn on November 1, 2009, changed its name and merged into Wells Fargo***. Id., ¶¶ 3-4.

Order, Ex. 3. Mr. Nelson did not appeal that order – it is a final binding judgment. Beyond Chief Judge Casper, the Bankruptcy Court and BAP agreed Wells Fargo is the successor to WSB. See Nelson, 621 B.R. 547-48. Thus, Kyra's argument that Wells Fargo's foreclosure has a fatal defect in that there is a "lack of ownership of the debt" is utterly and absurd. Compl., 2. There is simply no factual or legal basis for Kyra to even suggest that Wells Fargo lacks standing to foreclose on the Property under the First Mortgage. Wells Fargo's standing to foreclose as the successor-in-interest to WSB is unassailable. The Court must reject Kyra's attempt to revisit this settled issue.

   3.      *Wells Fargo Is Legally Entitled To Conduct A Non-Judicial Foreclosure.*

Massachusetts law expressly permits non-judicial foreclosures. See G.L. c. 244 *et seq*. Wells Fargo is not required to file suit to foreclose. See Fannie Mae v. Branch, 494 Mass. 343, 353 (2024) ("Massachusetts does not require judicial authorization for foreclosures.") (citation omitted); Kennedy v. Shellpoint Mortg. Servicing, 2025 WL 777214, at *4 (D. Mass. Feb. 11, 2025) ("a foreclosing mortgagee does not need separate judicial authorization if the 'mortgage itself gives the mortgagee a power of sale and includes by reference the statutory power.'") (quotation omitted). Thus, there is nothing "wrongful" about Wells Fargo's sale. See Compl., 1.

The Bankruptcy Court did not order Wells Fargo to foreclose "judicially." Judge Katz expressly indicated Wells Fargo could pursue foreclosure. See Order, Ex. 8 ("Furthermore, nothing in this Order affects Wells Fargo Bank, NA's *in rem* rights in the Property or Wells Fargo Bank, NA's right to proceed to enforce its nonbankruptcy rights regarding the Property in light of the Court's order granting relief from the automatic stay [Docket #131].").

14

4.    *No Mortgage Assignment Is Needed From World Savings Bank To Wells Fargo.*

Wells Fargo, as the successor by merger to World Savings Bank, acquired Mr. Nelson's First Mortgage *by operation of law* without the need for formal assignment. See 12 U.S.C. § 215a (e).  No recorded mortgage assignment is needed from WSB to Wells Fargo.  This exact issue has been addressed by this Court previously.  In Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25, 35 (D. Mass. 2014), this Court held that "[p]ursuant to 12 U.S.C. § 215a, when a National Bank, such as Defendant, merges with another banking entity, the 'receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger.' As a result, 'all rights, franchises, and interests ... in and to every type of property ... shall be transferred to and vested in the receiving association ... without any deed or other transfer.' No court order or other legal action is required." Rice, 2 F. Supp. 3d at 35; see Lewis v. Wells Fargo Bank, N.A., No. CIV.A. 13-11896-RWZ, 2014 WL 1429684, at *1 (D. Mass. Apr. 14, 2014) (citing Park v. Wells Fargo Bank, No. C 12–2065 PJH, 2012 WL 3309694, at *2 (N.D. Cal. Aug.13, 2012) ("[n]umerous courts have addressed this very claim and have concluded that Wells Fargo is the successor to Wachovia and World Savings."); see also In re Currie, No. 11-17349-JNF, 2013 WL 3379539, at *1 (Bankr. D. Mass. July 8, 2013) ("It is undisputed that Wells Fargo, N.A. is the successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB").  Because the transfer occurred by operation of law, no assignment is required.

5.    *Plaintiff's Deed is Subject to Wells Fargo's Mortgage.*

Kyra asserts Wells Fargo cannot foreclose as "there is no default of a debt by the property owner to trigger this procedure." Compl., 4.  While it is true she does not have liability *in personam* under Mr. Nelson's Note as she did not sign it, the interest she obtained through her father's deed is subject to the First Mortgage. See Order at 3, Ex. 6 ("[T]he transfer of the Property from Bradley to the Debtor had no effect on any existing lien on the Property held by Wells Fargo.").

15

Indeed, "[i]n a 'title theory state' like Massachusetts, a mortgage is a transfer of legal title in a property to secure a debt." U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 649 (2011) (citation omitted); see also Eaton v. Fed. Nat'l Mortg. Ass'n., 462 Mass. 569, 575-576 (2012) ("transfer of title is made in order to secure a debt, and the title itself is defeasible when the debt is paid"). Thus, "[w]hen a person borrows money and gives the lender a mortgage, the homeowner-mortgagor retains only equitable title; the lender-mortgagee holds legal title, subject to the mortgagor's equitable right of redemption." Shea v. Fed. Nat. Mortgage Ass'n, No. SUCV201203254, 2013 WL 7018646, at *3 (Mass. Super. July 3, 2013), aff'd Shea v. Fed. Nat. Mortg. Ass'n, 87 Mass. App. Ct. 901 (2015). As a result, a borrower's deed to a new owner is subject to existing mortgages. Brandt v. Broderick, 63 Mass. App. Ct. 1105, 2005 WL 549497, at *2 (2005) (unpublished). "A buyer taking 'subject to' a mortgage is simply acquiring an equity of redemption and is not thereby personally obligated on any indebtedness secured by the mortgage." Id. (quoting Riedle v. Peterson, 29 Mass. App. Ct. 380, 381 (1990)). Where mortgaged property is transferred "subject to" the mortgage, the mortgagee cannot collect from the grantee. McRae v. Pope, 311 Mass. 500, 505 (1942). However, the mortgagee may still foreclose on the property if the mortgage payments are not made by either the mortgagor or the grantee. See In re Mellino, 333 B.R. 578, 585 (Bankr. D. Mass. 2005) ("the purchaser may make the mortgage payments and, indeed, if he does not, he runs the risk of losing the property to the mortgagee's foreclosure action").

When Mr. Nelson granted the deed to Kyra, she took the interest he had, but that was subject to the First Mortgage. The deed itself states that the transfer was "[s]ubject to existing taxes, assessments, *liens*, *encumbrances*, covenants, conditions, restrictions, rights of way and easements of record …" Order, at 3, Ex. 6 (Emphasis in original). Further, under Massachusetts law, Mr. Nelson could only transfer the equitable right of redemption to Kyra (which is all he had)

16

because Wells Fargo held legal title to the Property through the First Mortgage. See Culhane v. Aurora Loan Servs. Of Neb., 826 F. Supp. 2d 352, 362 (D. Mass. 2011) ("Where a person borrows money to purchase a home and gives the lender a mortgage, the homeowner-mortgagor retains only equitable title; the lender-mortgagee holds legal title, subject to the mortgagor's equitable right of redemption."). While Wells Fargo cannot collect the debt from Kyra personally, the First Mortgage can be enforced and the intervening deed changes nothing.

      6.      *Plaintiff is Not a Bona Fide Purchaser.*

To be a bona fide purchaser, a person must buy something in good faith, "for valuable consideration without actual or constructive notice of any defects in or infirmities, claims, or equities against the seller's title." Brown v. Accredited Home Lenders, Inc., 26 Mass. L. Rptr. 559, at *3 (Mass. Super. Ct. 2009) (citation omitted). Wells Fargo's First Mortgage was recorded in the Middlesex South Registry of Deeds on March 12, 2007, 16 years before her $1.00 "purchase" of the Property from her father. See First Mortgage, Ex. 9. Thus, Plaintiff, had, at a minimum, constructive notice of the First Mortgage before the transfer from her father. Plaintiff had actual notice of the mortgages given her close relationship with her father, the timing of the transfer (during her father's Second Middlesex Case), the nominal $1.00 "purchase price," and that she immediately started filing the same legal challenges he had previously filed (and lost). Plaintiff cannot claim to be "blissfully unaware" of the liens to qualify as a bona fide purchaser. Demoulas v. Demoulas, 428 Mass. 555, 577 (1999) (quotation omitted).

      7.      *Wells Fargo's Lien Is Recorded And Perfected.*

Kyra repeatedly asserts that Wells Fargo has "no perfected lien." See generally Compl. Once again, this is wrong as a matter of fact and law. As the Bankruptcy Court already found, Wells Fargo's First Mortgage is recorded and perfected. See Order, at 5, Ex. 6. ("First, the Court finds that Wells Fargo's inclusion of copies of the note and the mortgage on the Property containing

17

the recording information from the registry of deeds satisfies the requirements of Federal Rule of Bankruptcy Procedure … 3001(d) ('If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.').").  The First Mortgage is recorded in the Registry at Book: 49111, Page: 205. See First Mortgage, Ex. 9.  Recording demonstrates perfection. See In re Watkinson, 2022 WL 209606 (Bankr. D. Mass. 2022) (recording stamp evidence of perfection); In re Long, 353 B.R. 1, 14 n. 21 (Bankr. D. Mass. 2006) (same).  Kyra's contention that the First Mortgage is not recorded or "perfected" is meritless.

Even if not recorded, the First Mortgage would nevertheless be enforceable against Kyra.  Contrary to Kyra's suggestion, G.L. c. 183 § 4 does not stand for the proposition that an unrecorded mortgage is unenforceable.  That statue establishes that an unrecorded mortgage is not enforceable *against others*, but remains enforceable against a mortgagor and parties with actual notice. See G.L. c. 183 § 4 ("A conveyance of an estate in fee simple …. shall not be valid as against any person, except the grantor … and persons having actual notice of it, unless it, … is recorded in the registry of deeds[.]"); Montrond as Trustee of Mass Family Trust, U/D/T Dated July 23, 2018 v. Wilmington Savs. Fund. Soc'y, FSP, 2024 WL 4224194 at *3 (D. Mass. 2024) ("Recordation is not for the protection of those with actual knowledge of the mortgage, but rather 'makes the lien a matter of public record and gives notice to third parties.'") (citation omitted).  The First Mortgage is enforceable against Mr. Nelson and Kyra because they have actual notice of the document.

8.      *The Mortgage Mr. Nelson Granted To Kyra Is Junior To Wells Fargo's Mortgages*.

The basic principle that determines priority among mortgages is "first in time is first in right." East Boston Sav. Bank v. Ogan, 428 Mass. 327, 329 (1998).  Here, Wells Fargo's First Mortgage was recorded on March 2, 2007. See First Mortgage, Ex. 9.  Kyra's mortgage to her father was executed over fifteen years later. See Compl. ¶6.  Under Massachusetts' priority rules,

the First Mortgage is senior to Mr. Nelson's mortgage. Kyra attempts to invalidate the First Mortgage with her defective merger/standing argument, which is meritless as discussed above.

9.      *Bankruptcy Code Section 524 Does Not Bar Recovery Of The First Mortgage*.

Kyra fundamentally misunderstands bankruptcy law. Generally, a chapter 7 bankruptcy discharge relieves a debtor of his or her personal obligation to repay a discharged debt, and 11 U.S.C. § 524(a) permanently enjoins a creditor from trying to collect them. See In re Harris, 2016 WL 3412640, at *7 (Bankr. D. Mass. 2016) (citing Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 444 (1st Cir. 2000)). Section 524 of the Bankruptcy Code provides that a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor*." 11 U.S.C. § 524(a)(2) (emphasis added). A creditor's right to foreclose a mortgage survives or passes through the bankruptcy because a discharge extinguishes only the *in personam* liability of the debtor, not the *in rem* rights against the property. A discharge injunction bars the collection of a discharged debt as a *personal* liability of the debtor; but, "does not enjoin a secured creditor from recovering on valid prepetition liens." Canning v. Beneficial Maine, Inc. (In re Canning), 706 F.3d 64, 69 (1st Cir. 2013); see Johnson v. Home State Bank, 501 U.S. 78, 82-83 (1991); Christakis v. D'Arc, 471 Mass. 365, 367-371 (2015). Here, there is no order declaring Mr. Nelson's First Mortgage void. To the contrary, courts have already ruled that the First Mortgage is enforceable *in rem*. Nelson, 621 B.R. at 558; Order, at 2-3, Ex. 6 ("…to the extent that Wells Fargo held (and holds) a valid mortgage on the Property, that mortgage survived Bradley's bankruptcy discharge.").

D.      Mr. Nelson's Default Allows Wells Fargo To Exercise Its Power Of Sale.

Kyra asserts that "THE DEBT IS NOT IN DEFAULT AT THIS TIME" and, hence, foreclosure cannot occur. See Compl., ¶¶ 9, 19 (Capitalization in original); see also ¶¶ 50, 56. The assertion that the loan is "not in default" is an imaginary, nonsensical assertion. Mr. Nelson last

19

repaid his mortgage loan over a decade ago.  The First Mortgage is so obviously in default that Kyra's assertion to the contrary is proof that she is willing to say anything in an effort to maintain her free house.  Kyra's bad-faith litigation approach is beyond contemptuous.  Mr. Nelson conceded this in briefing on appeal and the Middlesex Superior Court held the same. See Order, Ex. 5, ("Mr. Nelson defaulted on both mortgages and has not made a payment since 2012).  The First Mortgage expressly allows for exercise of the power of sale due to nonpayment.  Paragraph 27 states: "it will be called a 'Breach of Duty' if (i) I do not pay the full amount of each payment on the date it is due … if there is any Breach of Duty, including, without limitation, a breach of the Statutory Condition, lender shall have and may exercise the Statutory Power of Sale (as defined by Section 21 of the Massachusetts General Law, Chapter 183)."  First Mortgage, at ¶ 27, Ex. 9. Consequently, Wells Fargo's enforcement of the First Mortgage due to Mr. Nelson's default is entirely proper and lawful.

IV.    Conclusion.

For the foregoing reasons, the Court must dismiss the Complaint with prejudice and without leave to amend because amendment would be futile.

Defendant,
Wells Fargo Bank, N.A.,
by its counsel,

/s/ Sean R. Higgins
Sean R. Higgins (BBO# 659105)
Sean.Higgins@klgates.com
Keith J. McCarthy (BBO# 690779)
Keith.McCarthy@klgates.com
K&L Gates LLP
One Congress Street, Suite 2900
Boston, MA 02114
Tel: (617) 261-3100
Date:    October 28, 2025          Fax: (617) 261-3175

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KYRA I. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:25cv12650-AK |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>CERTIFICATE OF SERVICE</u>

I, Sean R. Higgins, hereby certify that on October 28, 2025, I filed this document with the Court through the Court's e-filing system, and it will be sent electronically to the registered participants. Additionally, I served this document by first-class mail and by email, postage prepaid to the following parties:

Kyra I. Nelson
65 Lovers Lane
Groton, MA 01450
kyra.nelson5@gmail.com

Bradley R. Nelson
123 Central Avenue
Ayer, MA 01432
Nelsonwoodworking123@gmail.com

*/s/ Sean R. Higgins*
Sean R. Higgins (BBO# 659105)

21