**Exhibit 2**

CLOSED

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:14−cv−14087−DJC

Nelson v. Wells Fargo Bank, N.A.,
Assigned to: Chief District Judge Denise J. Casper
Case in other court:  Middlesex Superior Court,
                      MICV2014−07270
Cause: 28:1332 Diversity−Breach of Contract

Date Filed: 11/05/2014
Date Terminated: 05/30/2017
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/2016 | 63 | Judge Denise J. Casper: ELECTRONIC ORDER entered re: 53 Motion to Dismiss for Failure to State a Claim. Plaintiff Bradley R. Nelson ("Nelson") brings this action against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") relating to the mortgage on Nelson's property located in Groton, Massachusetts. D. 7. at 75−89 (complaint). Nelson asserts claims for violation of the duty to foreclose in good faith (Count I), breach of contract (Count II), promissory estoppel (Count III), a declaratory judgment (Count IV) and for unfair and deceptive practices pursuant to Mass. Gen. L. c. 93A, § 9 ("Section 93A") (Count V). Id. Nelson's claims concern the foreclosure of his residence and modification of the applicable mortgage under the Home Affordable Modification Program ("HAMP"). Id. Wells Fargo has moved to dismiss, D. 53, which Nelson opposes, D. 58. Wells Fargo has also filed, with leave, a reply brief which the Court also considers herein. D. 61. For the reasons stated below, the motion is ALLOWED in part and DENIED in part.<br><br>On a motion to dismiss, the Court accepts non−conclusory factual allegations in the complaint as true, Ocasio−Hernndez v. Fortuo−Burset, 640 F.3d 1, 12 (1st Cir. 2011), and "draw[s] all reasonable inferences" in favor of the plaintiff, Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). A complaint does not require detailed factual allegations, however, a plaintiff must provide the grounds of his entitlement to relief beyond labels and conclusions and "a formulaic recitation of the elements of a cause of action will not do." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).<br><br>Before reaching the merits of Nelson's claims, the Court notes that at the motion hearing Nelson's attorney indicated that Nelson is only pressing Counts III and V. Accordingly, Counts I, II and IV are dismissed and the Court does not otherwise address them here.<br><br>As to Count III, the promissory estoppel claim, Nelson alleges that when he received the TPP his payments were incorrectly calculated under the HAMP guidelines resulting in an overinflated payment amount. D. 7 &para&para 36−42. Nelson alleges that he then "contacted the negotiator assigned to his case to inform her that the payment had been miscalculated." Id. &para 42. The negotiator allegedly told Nelson "that this would be fixed when he received the permanent loan modification." Id. &para 43. "Since Nelson had, by this point, been dealing with WELLS [sic] for an extended period of time to get even the inaccurate trial modification he had received, be acceded to the erroneous payment amount in reliance on the negotiator's statement that the error would be fixed." Id. When Nelson received the permanent HAMP modification, however, he alleges that the error was not fixed and Wells Fargo refused to remedy the issue. Id. &para&para 44−45. Nelson allegedly contacted the Massachusetts Attorney General who requested that Wells Fargo correct the problem but Wells Fargo still refused. See id. &para 46.<br><br>To bring a promissory estoppel claim under Massachusetts law, a plaintiff must allege that "(1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." Carroll v. Xerox Corp., 294 F.3d |

231, 242 (1st Cir. 2002) (internal quotation marks and citation omitted). Accepting Nelson's allegations as true and drawing all reasonable inferences in his favor, see, e.g., Cryer v. Spencer, 934 F. Supp. 2d 323, 330 (D. Mass. 2013) (citations omitted), Nelson sufficiently pleads a promissory estoppel claim. Here, as alleged, Nelson was promised by a Wells Fargo negotiator that if he made the overinflated payments under the TPP he would receive a permanent HAMP modification with the corrected terms and thus a lower payment. See D. 7 &para&para 42−46. Nelson further alleges that he did in fact make those payments, id. &para 63, but that when he received the permanent HAMP modification Wells Fargo refused to correct it, id. &para&para 44−46.

While Wells Fargo argues that Nelson did in fact receive a HAMP modification, D. 54 at 12−13, this does not account for his alleged "injustice" in paying the inflated payments under the TPP and receiving the HAMP modification that did not contain the terms he was purportedly promised. That is, as alleged here, a factfinder could infer that Nelson reasonably relied on that promise to his detriment in entering into the TPP and making those payments. See Dill v. Am. Home Mortg. Servicing, Inc., 935 F. Supp. 2d 299, 304−05 (D. Mass. 2013) (denying motion to dismiss promissory estoppel claim where plaintiffs sufficiently allegedly that lender promised to modify plaintiffs' loan if they were eligible and complied with the trial period); see also Hannigan v. Bank of Am., N.A., 48 F. Supp. 3d 135, 141 (D. Mass. 2014); cf. Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 15 (1st Cir. 2014) (affirming dismissal of promissory estoppel claim where "none of the allegations contain even the barest hint that HSBC made any sort of promise or representation to the Wilsons as to how it would handle their application for a loan modification"). Notably, the promissory estoppel claim does not focus on the terms of the HAMP modification. Rather, the claim potentially implicates the terms of the TPP, D. 54 at 12−13; D. 7 &para&para 74−75, and is based upon "[Nelson's] right to rely, and the [Wells Fargo's] duty to prevent (or not cause) harmful reliance which was reasonably foreseeable by the [Wells Fargo]." See Rucker v. Everen Sec., Inc., 811 N.E.2d 1141, 1142−43 (Ohio 2004) (internal quotation mark and citation omitted) (Sweeney, Sr., J., dissenting). For all of these reasons, Count III will not be dismissed.

In light of Nelson's allegations that Wells Fargo purportedly promised Nelson that if he made the incorrectly calculated payments under the TPP it would provide a corrected HAMP modificationand it did notNelson has sufficiently alleged a Section 93A claim in Count V. A reasonable fact finder could infer that such conduct is within "at least the penumbra of some common−law, statutory or other established concept of unfairness;... is immoral, unethical, oppressive, or unscrupulous;... [or] causes substantial injury to consumers." See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 69 (1st Cir. 2009) (internal quotation mark and citation omitted). Wells Fargo's conduct, as alleged, is sufficient to "raise an eyebrow" of a reasonable fact finder "inured to the rough and tumble of the world of commerce." See Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979). While Wells Fargo argues that Nelson's 93A claim is preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461 et seq. ("HOLA"), D. 54 at 16−20, this argument assumes that Nelson's claims are based upon the HAMP guidelines rather than the allegedly unfulfilled promise to provide a corrected HAMP modification. Regardless, "HOLA did not preempt state laws that prescribe general legal duties applicable to all businesses." Foley v. Wells Fargo Bank, N.A., 109 F. Supp. 3d 317, 326 (D. Mass. 2015) (collecting cases); see also Dixon v. Wells Fargo Bank, N.A., 798 F.Supp.2d 336, 357−58 (D. Mass. 2011) (concluding that HOLA did not preempt a promissory estoppel claim). Wells Fargo's motion to dismiss is therefore denied as to Count V.

For the reasons stated above, Wells Fargo's motion, D. 53, is ALLOWED in PART and DENIED in PART. The motion is ALLOWED as to Counts I (duty to foreclose in good faith), II (breach of contract) and IV (declaratory judgment) and DENIED as to Counts III (promissory estoppel) and V (Section 93A). (Hourihan, Lisa) (Entered: 12/29/2016)