**<u>Exhibit 3</u>**

CLOSED

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:14−cv−14087−DJC

Nelson v. Wells Fargo Bank, N.A.,
Assigned to: Chief District Judge Denise J. Casper
Case in other court:  Middlesex Superior Court,
               MICV2014−07270
Cause: 28:1332 Diversity−Breach of Contract

Date Filed: 11/05/2014
Date Terminated: 05/30/2017
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 05/25/2017 | 77 | Judge Denise J. Casper: ELECTRONIC ORDER entered re 68 Motion for Summary Judgment. Plaintiff Bradley Nelson ("Nelson") brings this action against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") relating to the foreclosure on Nelson's property located in Groton, Massachusetts and modification of the applicable mortgage under the Home Affordable Modification Program ("HAMP"). D. 7 at 75−89. After the Court allowed Wells Fargo's motion to dismiss in part, Nelson's remaining claims are Count III (promissory estoppel) and Count V (violation of Mass. Gen. L. c. 93A). D. 63. For the reasons stated below, the motion is ALLOWED.<br><br>The following material facts are undisputed as Nelson did not respond to Wells Fargo's Statement of Material Facts and the material facts therein are deemed admitted. Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) (quoting D. Mass. L.R. 56.1) (providing that "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by the opposing parties unless controverted by the statement required to be served by opposing parties"). On March 2, 2007, Nelson entered into a loan and a line of credit with World Savings Bank, FSB ("World Savings"), which were secured by a mortgage on Nelson's property. D. 70, &para&para 1−2. On December 31, 2007, World Savings merged with Wachovia Mortgage, FSB ("Wachovia"), which in turn on November 1, 2009, changed its name and merged into Wells Fargo. Id., &para&para 3−4. On June 23, 2010, Wachovia sent Nelson a letter to inform him that he had been approved to enter into a trial period plan (the "2010 TPP") under the HAMP. Id. &para 5. Nelson accepted and made the requisite payments to be eligible for a permanent modification. Id., &para 7. On October 14, 2010, Wells Fargo executed a permanent modification under HAMP for Nelson (the "Permanent Modification"). Id., &para&para 8−10. Nelson made payments under the Permanent Modification for approximately two years. Id., &para 11. After that, Wells Fargo did not offer or execute any additional TPPs or permanent loan modifications with Nelson. Id., &para 14. Starting in March 2013, Nelson contacted Wells Fargo to ask about further modifying his mortgage, and, over the course of several months, collected and sent the documentation requested by Wells Fargo to have it review his request. Id., &para&para 18−31. On September 19, 2013, Wells Fargo informed Nelson that he did not qualify for an additional HAMP modification or any other mortgage assistance. Id., &para&para 32−33. On November 7, 2013, Nelson's attorney sent an additional request for a modification. Id., &para&para 34−35. On November 26, 2013, Wells Fargo acknowledged that it was reviewing Nelson's application and Nelson spoke to an underwriter about his application on December 9, 2013. Id., &para&para 36−37. On December 13, 2013, Wells Fargo informed Nelson again that he did not qualify for a HAMP modification or any other mortgage assistance. Id., &para&para 38−39. Nelson filed his complaint in state court, D. 7, which Wells Fargo removed to this Court, D. 1.<br><br>A movant is entitled to summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non−moving party," and "[a] fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (citation omitted). However, "conclusory allegations, improbable |

inferences, and unsupported speculation" are insufficient to create a genuine issue of material fact to survive summary judgment. Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir. 2009) (quoting Rodrguez−Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)). The Court must "view the facts in the light most favorable to the party opposing summary judgment." Rivera−Coln v. Mills, 635 F.3d 9, 10 (1st Cir. 2011).

Wells Fargo argues that Count III (promissory estoppel) fails as a matter of law. First, Wells Fargo contends that Nelson's allegations in the complaint relating to Wells Fargo's purported offer to make a second permanent HAMP modification in 2012 and resulting lower payments did not occur, and therefore, there was no offer on which Nelson could rely. D. 69 at 6−8. Second, Wells Fargo argues that even if Count III is based on the previous Permanent Modification, the record shows that Nelson has not offered any evidence or allegations as to how the Permanent Modification was improper or unjust. D. 69 at 8−10. In his opposition, Nelson seeks to raise issues of disputed fact about whether (i) Wells Fargo's suggestion to Nelson that he apply again for HAMP in 2013 after having been rejected constituted an offer intended to induce reliance; and (ii) Nelson's failure to consider other options, such as a sale or short sale of his property, constituted reasonable reliance on that representation. D. 74 at 3−7. As Wells Fargo points out in its reply brief, none of the documents attached as exhibits to Nelson's opposition have been authenticated by or attached to an affidavit. "To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (quoting Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993)). Further, as discussed above, Nelson has failed to dispute Wells Fargo's statement of material facts, and further has failed to submit his own statement of material facts supported by admissible evidence from the factual record. The Court will, therefore, turn to the factual record offered by Wells Fargo to determine whether there is any genuine issue of material fact on Count III.

To sustain an estoppel claim, Nelson must show that "(1) a party made 'a representation intended to induce reliance on the part of a person to whom the representation is made;' (2) a person acts 'in reasonable reliance on the representation;' and (3) the party suffers a 'detriment as a consequence of the act.'" Kirtz v. Wells Fargo Bank N.A., No. 12−cv−10690−DJC, 2014 WL 3869997, at *6 (D. Mass. Aug. 5, 2014) (quoting Thrivent Fin. for Lutherans v. Strojny, No. 1111011JLT, 2012 WL 3218526, at *5 (D. Mass. Aug. 9, 2012)). The representation, "like any offer, must be sufficiently 'definite and certain in its terms' to be enforceable." Dixon v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 336, 341 (D. Mass. 2011) (quoting Moore v. LaZBoy, Inc., 639 F. Supp. 2d 136, 142 (D. Mass. 2009)). In this case, the undisputed record shows that Nelson did not receive a definite and certain offer, but merely invitations to apply for a subsequent permanent HAMP modification and to have that application considered. See D. 70 &para&para 19 (offering to send a second application to Nelson), 29 (promising to have an underwriter consider his application and make a decision), 36−37 (informing Nelson his application was being reviewed and arranging for him to speak to an underwriter). A "promise to consider his application" is not sufficient to support a claim for promissory estoppel. Leonard v. PNC Bank, NA, No. 11−CV−11815−NMG, 2014 WL 1117990, at *19 (D. Mass. Mar. 18, 2014); see DiCarlo−Fagioli v. JP Morgan Chase Bank, N.A., No. 14−CV−372−JD, 2015 WL 6159057, at *3 (D.N.H. Oct. 20, 2015); see also Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 9293 (1st Cir. 2014) (holding that "alleged promise... to 'consider her mortgage modification request'" was not adequate to state a claim for promissory estoppel (alteration in original)); MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 497 (1st Cir. 2013) ("[t]he fact that Flagstar considered the MacKenzies for a loan modification multiple times over a two−year period is not a promise, implicit or otherwise, to consider them for further loan modifications prior to initiating foreclosure").

Moreover, to the extent Nelson's claim is also based on alleged promises in the 2010 TPP, Nelson's theory would appear to be that the 2010 TPP was intended to induce Nelson to believe he would receive additional future permanent HAMP modifications and that he detrimentally and reasonably relied on it. See D. 7 at 86, &para&para 73−74. The claim fails as a matter of law for two reasons. First, Nelson does not identify any statement in the TPP or the Permanent Modification that induced his

reliance that he would be guaranteed some additional permanent HAMP modification in the future. Because Nelson has "'fail[ed] to offer sufficient factual support to counter [Wells Fargo's] proffer on an element for which [Kirtz] bears the burden of proof at trial... the movant is entitled to summary judgment." Kirtz, 2014 WL 3869997, at *6 (quoting St. Hilaire v. City of Laconia, 885 F. Supp. 349, 353 (D.N.H. 1995)). Second, even if Nelson believed his success in receiving the 2010 TPP and Permanent Modification acted as a representation of his success in applying for future modifications, that representation as to his 2010 TPP and permanent HAMP would not be reasonable as a matter of law. As explained above, the 2010 TPP and Permanent Modification agreement make no reference to any future applications or approvals for modifications. "'[R]eliance on a promise cannot be reasonable when it is completely at odds with the terms of a written agreement covering the same transaction.'" Rockwood v. SKF USA Inc., 758 F. Supp. 2d 44, 59 (D.N.H. 2010) (quoting Daisley v. Riggs Bank, N.A., 372 F. Supp. 2d 61, 71 n.5 (D.D.C. 2005)), aff'd, 687 F.3d 1 (1st Cir. 2012). An agreement's silence similarly cannot form the basis of reasonable reliance. See Armstrong v. Rohm & Haas Co., 349 F. Supp. 2d 71, 83 n.16 (D. Mass. 2004) (stating that "claim of promissory estoppel failed as a matter of law because the terms" of the agreement "were silent" as to a possible future stock option purchase, making it "too indefinite to serve as a basis for [reasonable] reliance" (alteration in original) (citing Lieberman v. Storagenetworks, Inc., 60 Mass. App. Ct. 1118 (2004)). Accordingly, the Court ALLOWS Wells Fargo's motion as to Count III.

Wells Fargo argues that Count V (Chapter 93A claim) also fails as a matter of law. First, Wells Fargo argues that Nelson's allegation that he served the statutorily required demand letter prior to filing the complaint is contradicted by the factual record and that his failure to send any such demand letter until recently is fatal to his claim. D. 69 at 10−11. Second, Wells Fargo argues that even if the demand letter was timely, Nelson's allegations are also contradicted by the factual record. D. 69 at 11−14. In his opposition, Nelson again attempts to raise issues of disputed fact about Wells Fargo's HAMP calculations and handling of Nelson's submitted financial information in consideration of his subsequent HAMP applications, and that Wells Fargo had given him the impression he would qualify for a subsequent modification, causing him to not pursue other options such as a sale or short sale. D. 74 at 8−9. Nelson seeks again to rely on the exhibits attached to his brief to support these arguments, but, as previously explained, the they do not save Nelson's claim because he did not oppose Wells Fargo's statement of material facts, offer his own statement of material facts supported by the factual record or attempt to authenticate these documents with a supporting affidavit.

Chapter 93A requires that "[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." Mass. Gen. L. c. 93A, &sect 9(3). This requirement "is not merely a procedural nicety, but, rather, 'a prerequisite to suit.'" Rodi v. S. New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (quoting Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812 (1975)). The existence of the demand letter must be proved by evidence. See Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 287 (1985). Further, "'as a special element' of the cause of action, it must be alleged in the plaintiff's complaint." Rodi, 389 F.3d at 19 (quoting Entrialgo, 368 Mass. at 812 (1975)). The demand requirement does not apply "if the claim is asserted by way of counterclaim or cross−claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth." Mass. Gen. L. c. 93A, &sect 9(3). "Wells Fargo clearly keep assets within Massachusetts, one of those assets being a real property interest in the home where" Nelson lived, McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 218 (1st Cir. 2012), and Nelson's claim is not raised as a counterclaim or cross−claim. Other courts have not strictly applied the demand requirement in circumstances when the plaintiff has proved that a demand letter had been sent soon after the filing of a complaint and alleged as such in his or her complaint. See McKensi v. Bank of Am., N.A., No. CIV.A 09−11940−JGD, 2010 WL 3781841, at *3 (D. Mass. Sept. 22, 2010) (sending demand letter five days after filing of complaint was not fatal to 93A claim, when complaint was filed to seek a temporary restraining order); S. States Police Benevolent Ass'n, Inc. v. First Choice Armor & Equip., Inc., 241 F.R.D. 85, 92 (D. Mass. 2007) (noting demand requirement is applied strictly when "there is neither evidence of a demand letter nor any mention

of such demand in the plaintiff's complaint"). Further, the demand requirement should be construed in light of its dual purpose: "to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct" and to "operate as a control on the amount of damages which the complainant can ultimately recover" if the plaintiff succeeds. Casavant v. Norwegian Cruise Line Ltd., 460 Mass. 500, 505 (2011) (quoting Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704 (1975)).

In this case, Nelson's Chapter 93A claim fails to satisfy the demand requirement. First, although Nelson alleges in his complaint that a demand letter was sent, and Wells Fargo responded to that demand letter, that allegation is opposed by Wells Fargo and contradicted by evidence in the record. The complaint's references to the demand letter and reply thereto, see D. 7 at 88, &para&para 88, 90, refer to exhibits attached to the complaint which appear only to show slip pages referencing where Exhibits B and C should be. See D. 7 at 91−92. Further, despite the complaint's representations otherwise, in Nelson's deposition he testified that he did not personally send a demand letter to Wells Fargo before filing the complaint and his only knowledge about the alleged first demand letter is that Data Services represented to Nelson that a demand letter had been sent. D. 72−1 at 24−25.

At this juncture, Nelson does not seem to dispute the lack of a timely demand letter in the record. Consistent with that position, on February 9, 2017, Nelson's counsel as of approximately May 2016, see D. 40 (filing notice of appearance for first time), sent a demand letter to Wells Fargo. See D. 72−13. Nelson asks that this new letter be considered as the operative Chapter 93A demand letter, upon amendment of the complaint to allege that the letter was sent. D. 74 at 8. The Court permitted an additional opportunity to file amended pleadings by March 15, 2017. No amended complaint or motion for leave to file an amended complaint has been provided. To allow this letter, some two and a half years after the filing of the complaint in this case on September 4, 2014, see D. 7 at 75, and some time after new counsel entered this case and beyond even the extended deadline to amend the complaint in which Nelson alleged facts as to the demand letter of which he has now admitted he had no personal knowledge, would "undermine the dual purposes of the demand letter." Romanoff v. CitiMortgage, Inc., 189 F. Supp. 3d 285, 289 (D. Mass. 2016). Even crediting the informal settlement negotiations mentioned by Nelson's counsel at the hearing, the possibility of negotiation and settlement between the parties is not enhanced by "notifying prospective defendants of claims arising from allegedly unlawful conduct" at this late stage. Casavant, 460 Mass. at 506. Further, while the demand requirement's status as a "statutory condition precedent to suit is clear, there is no language in a statute or a case suggesting that the absence of prejudice to the other party excuses, let alone waives, the condition precedent." Chery v. Metro. Prop. & Cas. Ins. Co., 2014 Mass. App. Div. 45 (Dist. Ct. 2014), aff'd, 87 Mass. App. Ct. 1118 (2015).

Moreover, as to substance of the c. 93A claim, this count incorporated all of the prior claims, D. 7 at 14−15, now dismissed, as the basis of the allegations that Wells Fargo committed unfair and deceptive acts. Now those incorporated counts have been dismissed, for the reasons stated above and in this Courts order on the prior motion to dismiss, D. 63. Accordingly, Nelson, based upon the undisputed record now before the Court, has failed to show any unfair and deceptive acts, even when those allegedly unfair and deceptive acts are considered individually or cumulatively, to sustain this claim. For all of these reasons, the Court ALLOWS Wells Fargo's motion as to Count V.

For the aforementioned reasons, Wells Fargo's motion for summary judgment, D. 68, is ALLOWED.

(Maynard, Timothy) (Entered: 05/25/2017)