**<u>Exhibit 5</u>**

#25

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2481CV03000

### KYRA I. NELSON

#### vs.

### WELLS FARGO BANK, N.A.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

### BACKGROUND

Pro se plaintiff Kyra Nelson (plaintiff) filed this action for declaratory and injunctive relief to preclude the defendant, Wells Fargo Bank, N.A. (Wells Fargo), from foreclosing on her property, located at 65 Lover's Lane in Groton, Massachusetts. The plaintiff's father, Bradley Nelson (Mr. Nelson), previously owned the property, and he executed two mortgages on the property with Wells Fargo's predecessors-in-interest. Mr. Nelson defaulted on both mortgages and has not made a payment since 2012. Since then, Wells Fargo has sought to foreclose on the mortgage to no avail because Mr. Nelson filed a myriad of lawsuits in various courts to stave off the foreclosure.

During the pendency of litigation, Mr. Nelson transferred his interest in the property to the plaintiff. That same day, the plaintiff granted Mr. Nelson a $499,000 mortgage on the property. Due to her newly acquired interest in the property, Wells Fargo notified the plaintiff of the foreclosure auction. The plaintiff has since challenged, albeit unsuccessfully, the mortgages

in various courts as well.[1]  This current suit is merely the Nelsons' latest attempt to invalidate the mortgages and stop the foreclosure.

The matter is presently before the court on Wells Fargo's motion to dismiss the complaint with prejudice on the grounds that the plaintiff's deed is subject to the mortgages, the plaintiff lacks standing to challenge the mortgages, and the plaintiff's claims are barred pursuant to the doctrine of res judicata.  After hearing and careful review, for the following reasons, Wells Fargo's motion is **ALLOWED**.

## DISCUSSION

### A. Standard of Review

To withstand a motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6), a claim must allege facts plausibly suggesting entitlement to relief.  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  Rule 12(b)(6) imposes a relatively low standard for surviving a motion to dismiss, see Marram, 442 Mass. at 45, and doubt as to whether a particular cause of action may be proved is not a proper basis for dismissal under Rule 12.  Ciardi v. Hoffmann-La Roche, Ltd., 436 Mass. 53, 65 (2002).  Nevertheless, a plaintiff is obligated to provide more than mere labels and conclusions.  Iannacchino, 451 Mass. at 636. When considering a claim, the court accepts as true the allegations set forth in the complaint and draws any reasonable inferences in the plaintiff's favor.  Sisson v. Lhowe, 460 Mass. 705, 707 (2011).

---

[1] For the sake of brevity, the court will not recite the lengthy procedural history of the related cases, which are well documented in Wells Fargo's pleadings and supporting documents.  Furthermore, to the extent Wells Fargo has relied on documents not attached to the complaint as well as legal proceedings and conclusions made by other courts, this Court may properly consider those materials pursuant to Marram v. Kobrick Offshore Fund. Ltd., 442 Mass. 43, 45 n.4 (2004) and Brookline v. Goldstein, 388 Mass. 443, 447 (1983).

2

### B. **Proposed Amended Complaint**

Before turning to the merits of the motion to dismiss, the court was recently made aware that the plaintiff filed an amended complaint three business days before the hearing on the motion to dismiss. The original complaint was filed on November 14, 2025. Wells Fargo promptly filed a notice of intent to file a motion to dismiss. From the date of the original complaint until the motion to dismiss hearing on July 8, 2025, numerous motions were filed by the parties and heard by the court. Prior to the July 8, 2025 hearing, the plaintiff had over eight months to file her amended complaint and failed to do so.

At the hearing on the motion to dismiss, the court inquired as to the reason for the delay, and the plaintiff stated that she had been very busy at work and did not have time to do it. However, the court concludes that the plaintiff's amended complaint appears to be a last-minute attempt to delay the adjudication of Wells Fargo's motion to dismiss. Indeed, the causes of action and facts outlined in the amended complaint are virtually the same as those in the original complaint but for some minor stylistic changes. While the court is sympathetic to the plaintiff's right to file an amended complaint, the timing of said complaint coupled with the fact that it asserts almost identical causes of action, raises concerns that the plaintiff is continuing to engage in delay tactics that her and her father have used in the past to delay the proper adjudication of the same claims that were filed in other forums—e.g., the United States District Court, the Bankruptcy Court, the United States Bankruptcy Appellate Panel of the First Circuit, and the Massachusetts Superior Courts in Middlesex and Worcester Counties.

Notwithstanding the fact that the court finds that the last-minute filing of the plaintiff's amended complaint is a disingenuous delay tactic, there is very little material difference between the plaintiff's original complaint and her amended complaint. Accordingly, the court's decision

3

on the motion to dismiss shall apply to all allegations raised in both the original complaint and the amended complaint.

## C. **Analysis**

Under Massachusetts law, it is well settled that if a mortgagor defaults on a mortgage and the property is sold before the foreclosure, the mortgagee retains the right to foreclose on the property unless the mortgage debt is satisfied. The new owner takes the property subject to the mortgage, and the mortgagee may enforce its rights under the mortgage, including foreclosure. See Dunham v. Ware Sav. Bank, 384 Mass. 63 (1981); Mellino, debtor, 333 B.R. 578, 585-586 (Bankr. D. Mass. 2005). "The mortgagee cannot collect from the purchaser, but the purchaser may make the mortgage payments and, indeed, if he does not, he runs the risk of losing the property to the mortgagee's foreclosure action" (quotations and citation omitted). Mellino, 333 B.R. at 585. Likewise, here, the plaintiff's property is subject to her father's mortgages, despite the third-party sale before the foreclosure. Additionally, because the plaintiff is not a party to the mortgages, she lacks standing to challenge them. See Coraccio v. Lowell Five Cents Sav. Bank, 415 Mass. 145 (1993).

The plaintiff's claims are also barred by the doctrine of res judicata. "The term 'res judicata' describes doctrines by which a judgment has a binding effect in future actions. It comprises both claim preclusion . . . and issue preclusion." Jarosz v. Palmer, 436 Mass. 526, 530 n.3 (2002). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Alicea v. Commonwealth, 466 Mass. 228, 235 (2013) (quotations and citation omitted). "Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment even if the

4

issue recurs in the context of a different claim." Id. (quotations and citation omitted). Where, as here, federal and bankruptcy court proceedings are involved, federal common law dictates whether those proceedings are given a preclusive effect in this Court. Aronovitz v. Fafard, 78 Mass. App. Ct. 1, 5-7 (2010). Here, the plaintiff's claims are barred under both claim and issue preclusion.

Turning first to issue preclusion, it applies when: (1) the issue sought to be precluded in the later action is the same as that involved in an earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment. Alicea, 466 Mass. at 236. Each of these requirements is met here. The issues presented in this case are identical to those that were presented in the District Court, the Bankruptcy Court, the Bankruptcy Appellate Panel of the First Circuit, and the Middlesex and Worcester Superior Courts. These courts explicitly concluded that Wells Fargo has standing to foreclose on the note and mortgages. Contrary to the plaintiff's belief, the courts have also concluded that Wells Fargo is the successor-in-interest on the mortgages and is entitled to enforce the liens. Furthermore, these issues culminated in final decisions, which were essential to the judgment. See AVX Corp. v. Cabot Corp., 424 F3d 28, 30 (1st Cir. 2005) (dismissal for failure to state a claim is a final judgment even if order is on appeal); O'Brien v. Hanover Ins. Co., 427 Mass. 194, 201 (1998) ("[A] trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal."). Although the plaintiff was not a party to her father's prior suits and bankruptcy case, she is, nevertheless, in privity with him, and thus, issue preclusion still applies. See Solomont v. Howe Real Estate Advisors, LLC, 19 LCR 481, 486 (Land Ct. Sept. 28, 2011) (stating res judicata applies against successor-in-interest who was in privity with grantee that had litigated issues previously).

5

Additionally, the plaintiff's complaint, which asserts claims for injunctive and declaratory relief, is barred under the doctrine of claim preclusion. Claim preclusion applies when: (1) there is a final judgment on the merits in an earlier suit; (2) there is a sufficient identicality between the causes of action asserted in the earlier and later suits; and (3) there is a sufficiently identicality between the parties in the two suits. Aronovitz v. Fafard, 78 Mass. App. Ct. 1, 7 (2010). To determine whether the causes of action are sufficiently identical, the court assesses "whether the causes of action arise out of a common nucleus of operative facts." Airframe Sys. v. Raytheon Co., 601 F.3d 9, 15 (2010) (quotations and citation omitted). This inquiry boils down to whether the facts underlying each claim are "related in time, space, origin or motivation;" "whether they form a convenient trial unit;" and whether treating them as a unit would "conform to the parties' expectations. Id. (quotations and citations omitted).

Here, in Mr. Nelson's 2014 Bankruptcy and 2023 Superior Court actions, he sought declarations that Wells Fargo was not entitled to foreclose on the mortgages because it was not the holder of the note. The plaintiff asserts that same claim here. Mr. Nelson also previously challenged Wells Fargo's standing in the Bankruptcy court action as does the plaintiff. Because the plaintiff's claims asserted in this suit arise out of the same nucleus of operative facts and are squarely related in time, space, origin, and motivation, Wells Fargo has shown that the causes of action asserted in this case are sufficiently identical. There were also final judgments in Mr. Nelson's earlier suits, and finally, as stated above, the plaintiff and Mr. Nelson are sufficiently identical because there are in privity with each other. Accordingly, the plaintiff's claims are barred under the doctrine of claim preclusion.

## ORDER

For the foregoing reasons, it is hereby **ORDERED** that Wells Fargo's motion to dismiss the plaintiff's complaint with prejudice is **ALLOWED**.  Judgment shall enter accordingly.

July 21, 2025

C. William Barrett
Justice of the Superior Court

7