**Exhibit 6**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 13 |
| | ) | Case No. 24-41202-EDK |
| KYRA ISABEL NELSON, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## ORDER

The "Debtor's Objection to Wells Fargo Bank, N.A. Proof of Claim #3-1" [Docket #61] (the "Objection to Claim") filed by Kyra Isabel Nelson, the debtor in this Chapter 13 bankruptcy case (the "Debtor"), is OVERRULED.

In 2007, Bradley R. Nelson ("Bradley"), the Debtor's father, executed a mortgage in favor of World Savings Bank, FSB ("World Savings") on real property located at 65 Lovers Lane in Groton, Massachusetts (the "Property") to secure a promissory note given by Bradley to World Savings. In 2012, Bradley filed a Chapter 7 bankruptcy case, Case Number 12-16220, and received a discharge in October 2012. In September 2014, Bradley filed suit against Wells Fargo Bank, N.A. ("Wells Fargo") and World Savings in state court, which suit was thereafter removed to the District Court for the District of Massachusetts (the "District Court"; the "District Court litigation").

> In Count I in the District Court litigation, [Bradley] asserted a cause of action against both Wells Fargo and World Savings for "violation of [the] duty to foreclose in good faith." In Count II, he set forth a claim for breach of contract against Wells Fargo based on its alleged failure to offer him a permanent loan modification. In Count III, he pled a cause of action for promissory estoppel against Wells Fargo, alleging that he relied to his detriment on Wells Fargo's promises of a loan modification. In Count IV, the [Bradley] requested a declaratory judgment that World Savings was not entitled to foreclose because it was not the holder of the Note. Lastly, in Count V the [Bradley] stated a claim against Wells Fargo under Mass. Gen. Laws ch. 93A, based on its alleged failure, among other things, to stop the foreclosure.

1

*Nelson v. Wells Fargo Bank, N.A. (In re Nelson)*, 621 B.R. 542, 546 (B.A.P. 1st Cir. 2020) (detailing the procedural history of the District Court litigation). Counts I, II, and IV were ultimately dismissed, and the District Court ruled in favor of Wells Fargo on summary judgment with regard to the remaining counts of the complaint. *Id.* at 547.

In December 2023, Bradley transferred the Property to the Debtor by warranty deed, and the Debtor commenced the present bankruptcy case by filing a voluntary petition under Chapter 13 on November 21, 2024.

The Debtor raises several arguments in support of the Debtor's assertion that the proof of claim filed by Wells Fargo (the "Claim") should be disallowed under § 502(b)(1), which provides that a claim should be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

First, the Debtor argues that the claim is not enforceable because "the debt was discharged" (presumably referring to Bradley's discharge in the 2012 Chapter 7 case) and "11 U.S.C. § 524(a) disallow[s] any further attempts to enforce the discharged debt." However, as the Bankruptcy Appellate Panel for the First Circuit (the "BAP") explained with regard to Bradley's prior challenge to Wells Fargo's claim filed in a subsequent bankruptcy case:

> "Liens that are not avoided during bankruptcy administration 'ride through' a chapter 7 bankruptcy case and survive the debtor's discharge." In re Ledin, No. 14-12347, 2016 WL 1305060, at *4 (Bankr. D. Kan. Mar. 31, 2016) (citations omitted). "More than a century ago, the Supreme Court held that a bankruptcy discharge of a secured creditor's claim does not affect the status of the creditor's underlying lien on the debtor's property." Hamlett v. Amsouth Bank (In re Hamlett), 322 F.3d 342, 347 (4th Cir. 2003) (citing Long v. Bullard, 117 U.S. 617, 620-21, 6 S.Ct. 917, 29 L.Ed. 1004 (1886)). The First Circuit also instructs that a valid prepetition lien survives the bankruptcy discharge. Canning v. Beneficial Me., Inc. (In re Canning), 706 F.3d 64, 70 (1st Cir. 2013); Pratt v. Gen. Motors Acceptance Corp. (In re Pratt), 462 F.3d 14, 17 (1st Cir. 2006).

*Nelson v. Wells Fargo Bank, N.A. (In re Nelson)*, 621 B.R. 542, 558 (B.A.P. 1st Cir. 2020).  The

Debtor argues that the "Trustee of the Chapter 7 Bankruptcy court abandoned the property back to

the then debtor without modifying or ruling on a ride-through . . . [and] the Trustee did not provide

for a 'ride-through' right to World Savings Bank or to Wells Fargo."  Those arguments are

unavailing.  No affirmative action by a Chapter 7 trustee is required for a valid lien to "ride-

through" a bankruptcy case – so long as a lien is not avoided during the administration of a

bankruptcy proceeding, that lien automatically survives the bankruptcy discharge.  Therefore, to

the extent that Wells Fargo held (and holds) a valid mortgage on the Property, that mortgage

survived Bradley's bankruptcy discharge. *Id.*

The Debtor has also asserted that the Debtor "does not owe this debt to Wells Fargo."

While it is true that the Debtor does not have *in personam* liability with respect to the promissory

note, as the Debtor was not a signatory to that note, the transfer of the Property to the Debtor was

expressly "[s]ubject to existing taxes, assessments, *liens, encumbrances*, covenants, conditions,

restrictions, rights of way and easements of record . . . ."  Warranty Deed, March 5, 2025

Supplement, Exhibit A, ECF No. 81 (emphasis supplied).  Therefore, the transfer of the Property

from Bradley to the Debtor had no effect on any existing lien on the Property held by Wells Fargo.[1]

In the Objection to Claim and elsewhere, the Debtor alleges that "Wells Fargo has no

perfected lien."  Essentially, the Debtor disputes Wells Fargo's assertion that Wells Fargo now

holds the mortgage as successor in interest to World Savings.  However, as the BAP noted in the

*Nelson* case, "that issue was already litigated in the District Court."  621 B.R. at 557.

> [T]he District Court in its summary judgment ruling . . . specifically found that
> Wells Fargo was in fact the holder of the Note and First Mortgage.  This finding
> was an essential part of its judgment. . . . [T]he elements for the application of

---

[1] The Debtor also asserts that the debt "is now over the statute of limitation for enforcement," but did not
further develop that argument.  Accordingly, any such argument is waived.  *See Casanova v. Wyndham
Grand Rio Mar Beach Resort & Spa*, 205 F. Supp. 3d 220, 237 (D.P.R. 2016) ("'[I]ssues adverted to in a
perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'")
(quoting *Glob. NAPs, Inc. v. Verizon New England, Inc.*, 706 F.3d 8, 16 (1st Cir. 2013)) (internal citation
omitted).

3

federal collateral estoppel are easily met. . . . It follows then that the doctrine of issue preclusion applies and [Bradley] cannot seek to undo in the bankruptcy court what was already decreed by the District Court in a binding final order.

*Id.* at 557, 558.

This Court agrees with the conclusion reached by the BAP – the issue of Wells Fargo's status as the holder of a mortgage on the Property has previously been determined in Wells Fargo's favor and cannot be relitigated here. The fact that the Debtor in this case was not party to the District Court litigation does not bar the application of federal collateral estoppel principles, as this Court finds that the Debtor and Bradley are in privity. *See N.L.R.B. v. Donna-Lee Sportswear Co.*, 836 F.2d 31, 34 (1st Cir. 1987) ("The traditional exception to the rule that issue preclusion affects only the parties to the initial litigation has been the understanding that the privies of those parties are also bound.").

> Numerous courts have recognized that while "privity is an elusive concept," *see Griffin,* 570 F.2d at 1071, the privity which can lead to issue preclusion is that relationship between two parties which is sufficiently close so as to bind them both to an initial determination, at which only one of them was present. *First Alabama Bank v. Parsons Steel, Inc.,* 747 F.2d 1367, 1378 (11th Cir.1984) ("A finding of privity is no more than a finding that all of the facts and circumstances justify a conclusion that non-party preclusion is proper.") *rev'd on other grounds,* 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Gill & Duffus Services, Inc. v. Nural Islam,* 675 F.2d 404, 405 (D.C.Cir.1982) ("The term 'privity' signifies that the relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon the others, although those others were not party to the lawsuit."); *Vulcan, Inc. v. Fordees Corp.,* 658 F.2d 1106, 1109 (6th Cir.1981), *cert. denied,* 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982); *Bruszewski v. United States,* 181 F.2d 419, 423 (3d Cir.) (Goodrich, J., concurring) ("It [privity] is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata."), *cert. denied,* 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950).

*Id.* at 34-35. Here, the Court easily concludes that the Debtor and Bradley are in privity with one another for purposes of applying issue preclusion in this case. As Bradley's daughter and the transferee of the Property, the relationship between the Debtor and Bradley is "sufficiently close so as to bind them both to an initial determination" on the issue of Wells Fargo's status as the holder of a mortgage on the Property.

4

The Debtor's additional arguments that Wells Fargo's Claim should be disallowed because Wells Fargo failed to provide "evidence of a debt in the form of a contract or loan agreement, or that Kyra Nelson owes a debt" are easily dispatched.  First, the Court finds that Wells Fargo's inclusion of copies of the note and the mortgage on the Property containing the recording information from the registry of deeds satisfies the requirements of Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3001(d) ("If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.").  And while the Debtor may not have personal liability on the underlying note, Wells Fargo did not act improperly in filing a proof of claim to assert and protect its *in rem* rights in the Property.

And, finally, the Debtor has asserted that the Claim was not properly filed because it was filed by an attorney who does not have "personal knowledge" of the operative facts.  Bankruptcy Rule 3001(b) provides that "A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005."[2]  Bankruptcy Rule 9010(a)(1) permits a creditor "to appear in a case . . . through an attorney authorized to practice in the court."  There is no dispute that the attorney for Wells Fargo, who executed the proof of claim, is authorized to appear before this Court and, thus, was authorized to execute the proof of claim and appear on Wells Fargo's behalf in this case.  Furthermore, it is clear from the attachments to the Claim and the other pleadings filed in this case that Wells Fargo's attorney had knowledge of and familiarity with the underlying documents and previous litigation relevant to the Claim.

For all the foregoing reasons, the Court rules that Wells Fargo's properly filed proof of claim is prima facie evidence of its valid mortgage on the Property, that the Debtor is precluded by the doctrine of issue preclusion from challenging Wells Fargo's status as a holder of the mortgage, that Wells Fargo's mortgage survived Bradley's bankruptcy discharge, and that the

---

[2] Bankruptcy Rules 3004 and 3004 address the ability of other entities to file proofs of claim in the event that a proof of claim is not timely filed by a creditor. Neither of those rules is implicated in this case.

5

Debtor has not satisfied the Debtor's burden of negating the prima facie validity of Wells Fargo's

Claim.  *See Nelson*, 621 B.R. at 560-61.

Accordingly, the Court rules that the Objection to Claim is OVERRULED.  Claim Number

3-1 filed by Wells Fargo, N.A. is ALLOWED as a protective secured claim with respect to the

mortgage and not as a general unsecured claim against the estate.  Wells Fargo's recourse is *in

rem*, limited solely to the Property.


DATED:  April 2, 2025                                    By the Court,

                                                        Elizabeth D. Katz
                                                        United States Bankruptcy Judge

6