**Exhibit 7**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) | Case No. 24-41202-EDK |
| KYRA ISABEL NELSON, | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

## ORDER

The "Motion of Wells Fargo Bank, N.A. and/or its Successors and Assigns for Order Granting Relief from the Automatic Stay and for *In Rem* Relief" [Docket #31] (the "Motion") filed by Wells Fargo Bank, N.A. ("Wells Fargo") is GRANTED IN PART.

In 2007, Bradley R. Nelson ("Bradley") executed a mortgage in favor of World Savings Bank, FSB ("World Savings") on real property located at 65 Lovers Lane in Groton, Massachusetts (the "Property") to secure a promissory note given by Bradley to World Savings in the original principal amount of $511,500.  In 2012, Bradley filed a Chapter 7 bankruptcy case, Case Number 12-16220, and received a discharge in October 2012.  In September 2014, Bradley filed suit against Wells Fargo and World Savings in state court, which was thereafter removed to the District Court for the District of Massachusetts (the "District Court"; the "District Court litigation").  Counts I, II, and IV were dismissed, and the District Court ruled in favor of Wells Fargo on summary judgment with regard to the remaining counts of the complaint.  *See Nelson v. Wells Fargo Bank, N.A. (In re Nelson)*, 621 B.R. 542, 547 (B.A.P. 1st Cir. 2020) (discussing the procedural history and rulings in the District Court litigation).

In May 2019, Bradley filed a Chapter 13 bankruptcy petition.  During that case, Bradley challenging Wells Fargo's right to enforce the mortgage by filing objections to Wells Fargo's claims and objecting to Wells Fargo's request for relief from the automatic stay of 11 U.S.C.

§ 362(a).  During those proceedings, the bankruptcy court rejected Bradley's challenges to Wells Fargo's ownership of the mortgage loan and rejected Bradley's assertion that Wells Fargo could not enforce the mortgage in light of Bradley's previous Chapter 7 discharge.  *See In re Nelson*, Case No. 19-40773-CJP, ECF Nos. 93, 94, and 100].  The bankruptcy court's rulings were affirmed by the Bankruptcy Appellate Panel for the First Circuit (the "BAP").  *See In re Nelson*, 621 B.R. 542.

In June 2023, Bradley filed suit in Middlesex Superior Court again challenging Wells Fargo's authority to enforce the mortgage loan and requesting the release of the mortgage obligations.  In dismissing the suit with prejudice, the Middlesex Superior Court held that Bradley's claims were barred by the doctrine of *res judicata*.  *See* April 24, 2024 Memorandum of Decision and Order on Defendant's Motion to Dismiss, *Nelson v. World Savings Bank, FSB*, Middlesex Superior Court, Civil Action No. 2381CV01919, attached as Exhibit J to the Supplement filed by Wells Fargo on March 5, 2025, ECF No. 81.

In December 2023, Bradley transferred the Property to the Debtor by warranty deed for the stated consideration of $1.00.  *See* Warranty Deed, March 5, 2025 Supplement, Exhibit A, ECF No. 81.  The warranty deed contained the specific proviso that the Property was conveyed "[s]ubject to existing taxes, assessments, *liens, encumbrances*, covenants, conditions, restrictions, rights of way and easements of record . . ."  *Id.* (emphasis supplied).

Following the transfer of the Property to the Debtor, the Debtor filed a complaint in Worcester Superior Court against Wells Fargo in August 2024, seeking an injunction precluding Wells Fargo from foreclosing on the Property.  In denying the request for injunctive relief, the Worcester Superior Court noted that the "matter has been fully addressed, on multiple occasions by multiple courts.  The [Debtor] is not entitled to litigate this matter again."  September 23, 2024 Decision and Order on Plaintiff's Motion for Preliminary Injunction, *Nelson v. Wells Fargo Bank.,*

2

*N.A.*, Worcester Superior Court, Civil Action No. 24-01000B, attached as Exhibit K to the Supplement filed by Wells Fargo on March 5, 2025, ECF No. 81.

On November 14, 2024, 8 days prior to a scheduled foreclosure sale of the Property, the Debtor filed a complaint in Middlesex Superior Court again seeking injunctive relief against Wells Fargo's foreclosure of the Property.  The Middlesex Superior Court denied the requested injunctive relief, finding that the Debtor had failed to establish a reasonable likelihood of success on the merits.  *See* November 19, 2024 Order on Verified Complaint for Emergency Injunction Relief and Declaratory Judgment, *Nelson v. Wells Fargo Bank, N.A.*, Middlesex Superior Court, Civil Action No. 2481CV03000, attached as Exhibit L to the Supplement filed by Wells Fargo on March 5, 2025, ECF No. 81.  And, in the same case, the Middlesex Superior Court denied the Debtor's request for sanctions against Wells Fargo, noting that "Wells Fargo NA . . . is the successor in interest of [Bradley's] mortgage by operation of law."  January 29, 2025 Endorsement on Motion for Sanctions, *Nelson v. Wells Fargo Bank, N.A.*, Middlesex Superior Court, Civil Action No. 2481CV03000, attached as Exhibit M to the Supplement filed by Wells Fargo on March 5, 2025, ECF No. 81.

On November 21, 2024, one day prior to the scheduled foreclosure sale, the Debtor commenced the present bankruptcy case by filing a voluntary petition under Chapter 13.  Wells Fargo has filed a proof of claim in this case asserting a prepetition arrearage of $442,325.06 and, according to Wells Fargo, the mortgage loan is contractually due for September 1, 2012.  The Debtor has not proposed to pay Wells Fargo's claim through the bankruptcy proceeding or to cure the arrears and maintain the ongoing monthly mortgage payments to Wells Fargo.[1]  *See* 11 U.S.C. § 1322(b)(5).

---

[1] While the Debtor's latest Chapter 13 Plan, filed on March 26, 2025, indicates that ongoing monthly mortgage payments will be made to "Wells Fargo South Central NA" (the entity that the Debtor asserts is the successor in interest to World Savings), the plan does not propose to cure the arrears on the mortgage or to pay the mortgage loan in full through the plan.

3

In the current Motion, Wells Fargo seeks relief from stay for cause under 11 U.S.C. § 362(d) given the delinquency in payments on the mortgage loan, the lack of equity in the Property, and the lack of necessity of the property to an effective reorganization. Wells Fargo also seeks relief from any co-debtor stay that may be imposed under 11 U.S.C. § 1301.

Finally, and most importantly, Wells Fargo asks for *in rem* relief with regard to the Property pursuant to 11 U.S.C. § 362(d)(4), asserting that relief under that subsection is warranted based on the transfer of the ownership of the Property without Wells Fargo's consent or court approval and the filing of "multiple frivolous and bad-faith actions against Wells Fargo in various forums . . . in an attempt to avoid scheduled foreclosure sales and thwart Wells Fargo from exercising its state law rights and remedies as to the Property."

In response, the Debtor raises several arguments. First, the Debtor contends that her claimed homestead exemption prevents the foreclosure of the Property, asserting that "[t]he Massachusetts Supreme Judicial Court has interpreted the Massachusetts Homestead Statute as barring claims for non-judicial sales." However, none of the cases cited by the Debtor stand for that proposition. The Massachusetts homestead statute itself specifically states that "no estate of homestead shall affect a mortgage, lien or other encumbrance previously existing, except as provided in this chapter." Mass. Gen. Laws ch. 188, § 8; *see also* Mass. Gen. Laws ch. 188, § 3(b)(3) ("An estate of homestead shall be exempt from the laws of conveyance, descent, devise, attachment, seizure, execution on judgment, levy and sale for payment of debts or legacies *except as follows: . . . (3) for a mortgage on the home as provided in sections 8 and 9*") (emphasis supplied).

The other arguments raised by the Debtor – namely, that Wells Fargo does not have a claim against the Debtor, that Wells Fargo's lien did not "ride-through" Bradley's prior bankruptcy filing, and that Wells Fargo does not have a perfected lien and does not own the mortgage – have been addressed by this Court's Order of even date in connection with the Debtor's objection to the

4

proof of claim filed by Wells Fargo.  *See* ECF No. 130.  In that Order, this Court has ruled that Bradley's bankruptcy discharge did not affect Wells Fargo's *in rem* rights in the Property and that the Debtor is collaterally estopped from challenging Wells Fargo's status as the holder of a first mortgage on the Property by virtue of the District Court's rulings in the District Court litigation.

Accordingly, the Debtor's various objections based on the assertion that Wells Fargo lacks standing or authority to enforce its *in rem* rights with respect to the Property are each overruled.

With regard to the request for relief from the automatic stay *in rem* pursuant to 11 U.S.C. § 362(d)(4), the Court finds that such relief is warranted under the circumstances of this case. Pursuant to that section,

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> . . .
>
>> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>>
>>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>>>
>>> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).[2]

While requests for relief under 11 U.S.C. 362(d)(4) often require the Court to take evidence, the Court finds that the documents of record in the Debtor's case are sufficient to

---

[2] An order granting relief from stay under 11 U.S.C. § 362(d)(4) provides a creditor with a measure of protection in the event of future bankruptcy filings that would affect the relevant property; the last portion of that section provides: "If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording."

establish that Wells Fargo has met its burden to demonstrate that the filing of the current

bankruptcy petition was part of a scheme to delay, hinder, or defraud Wells Fargo from exercising

its rights under its mortgage against the Property that involved a transfer of the ownership of the

Property without Wells Fargo's consent or court approval and multiple bankruptcy filings that

have affected the Property.

Wells Fargo has been attempting to foreclose on its mortgage for over a decade, during

which time Bradley repeatedly attempted, and failed, to obtain a ruling from any Court validating

Bradley's argument that Wells Fargo should be prohibited from enforcing the mortgage.  Having

lost repeatedly in the state court, the bankruptcy court, and before the BAP, Bradley then

transferred the Property to his daughter, the Debtor, who then proceeded to file suits in the Debtor's

name raising the same arguments that had previously been rejected by every court to have

considered them.  Having lost in state court, and facing an imminent foreclosure, the Debtor filed

the present bankruptcy case, invoking the automatic stay under 11 U.S.C. § 362(a).  The record of

this case and previous rulings (of which this Court may take judicial notice), establish that the

Debtor did not file the present case in a good faith effort to pay or cure the mortgage or to

reorganize the mortgage debt.  Instead, the Debtor has again proceeded to raise the same arguments

that have been conclusively rejected at every turn, and for which the Debtor has previously been

cautioned that sanctions may be appropriate for failure to follow ethical rules in filing pleadings.

*See* September 23, 2024 Decision and Order on Plaintiff's Motion for Preliminary Injunction,

*Nelson v. Wells Fargo Bank., N.A.*, Worcester Superior Court Civil Action No. 24-01000B.

Based on this record, it is clear that the filing of the present case was just the latest

maneuver in a scheme between Bradley and the Debtor to hinder, delay, or defraud Wells Fargo,

a scheme which has involved both the transfer of the Property without Wells Fargo's consent or

court approval and the filing of multiple bankruptcy cases involving the Property.  For that reason,

Wells Fargo's request for relief pursuant to 11 U.S.C. § 362(d)(4) is GRANTED.

Relief from the automatic stay is also warranted for "cause" under 11 U.S.C. § 362(d)(1). "The Bankruptcy Code does not define 'cause' for purposes of ... § 362(d)(1), requiring courts to determine cause on a case-by-case basis." *Asociación de Empleados del Estado Libre Asociado De Puerto Rico (In re Nieves)*, 647 B.R. 809, 834 (B.A.P. 1st Cir. 2023) (quoting *In re Podmostka*, 527 B.R. 51, 54 (Bankr. D. Mass. 2015)).   However, courts have found that bad faith may constitute cause for granting relief from stay, *see, e.g., In re Harvey Rd. Assocs. VIII,* 140 B.R. 302, 305 (Bankr. D. Mass. 1992); *Harris Int'l Telecommunications, Inc. v. Three Star Telecast, Inc.* (*In re Three Star Telecast, Inc.),* 73 B.R. 270, 273 (Bankr. D.P.R. 1987), and this Court agrees. In light of the record of this case demonstrating that the filing of the petition was part of a scheme to hinder, delay, or defraud Wells Fargo, the Court is compelled to find that the Debtor has acted in bad faith.  Accordingly, Wells Fargo's request for relief pursuant to 11 U.S.C. § 362(d)(1) is GRANTED, and, to the extent applicable, relief from any stay imposed under 11 U.S.C. § 1301 is also GRANTED.

For all the foregoing reasons, relief from the automatic stay is granted pursuant to 11 U.S.C. § 362(d)(1) and (d)(4) and, if applicable, § 1301(c) to permit Wells Fargo and any successor in interest to proceed forward to pursue its rights and remedies under state and/or federal law, including but not limited to a foreclosure of the mortgage it holds on real estate located at 65 Lovers Lane, Groton, MA 01450, which mortgage is dated March 2, 2007 and is recorded with the Middlesex County (Southern District) Registry of Deeds in Book 49111, Page 205.  A copy of such mortgage was attached to the Motion.  Further, Wells Fargo is authorized to proceed with its eviction rights in accordance with applicable law with respect to such Property should Wells Fargo, or its successor in interest, become the successful bidder at a foreclosure sale.

If recorded in compliance with applicable State law governing notices of interests or liens in real property, this Order shall be binding in any other case under the United States Bankruptcy Code purporting to affect the Property filed not later than 2 years after the date of the entry of this

7

Order.  Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

In light of the relief granted under 11 U.S.C. § 362(d)(1) and (d)(4), the request for relief under 11 U.S.C. § 362(d)(2) is MOOT.

DATED:  April 2, 2025                    By the Court,

_____

Elizabeth D. Katz
United States Bankruptcy Judge