UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KYRA I. NELSON, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A., )<br>)<br>Defendant. )<br>) | Civil Action No. 25-cv-12650-AK |

**MEMORANDUM AND ORDER**
**ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**ANGEL KELLEY, D.J.**

Plaintiff Kyra Nelson, proceeding *pro se*, initiated this civil action seeking to preclude defendant Wells Fargo Bank, N.A. ("Wells Fargo") from foreclosing on her property at 65 Lovers Lane, Groton, Massachusetts (the "Property"). Plaintiff filed a motion for temporary restraining order on September 18, 2025, requesting a stay of the foreclosure. For the reasons below, the motion is **DENIED**.

I.      BACKGROUND

Plaintiff and her father, Bradley Nelson ("Mr. Nelson"), have spent more than a decade attempting to stop Wells Fargo from foreclosing on the Property. This saga started in 2007 when Mr. Nelson entered into two mortgage agreements with Wells Fargo's predecessor-in-interest, World Savings Bank, to purchase the Property. Nelson v. Wells Fargo Bank, N.A., 621 B.R. 542, 545 (1st Cir. BAP 2020) ("BAP") (discussing procedural history). Later in 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB and in 2009, Wachovia converted into a national bank named Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank,

1

N.A. on the same date. Id. In 2012, Mr. Nelson filed for Chapter 7 bankruptcy and received a discharge that "eliminated [his] personal liability, but did not eliminate the in rem interest of the lenders with respect to the [P]roperty." BAP, 621 B.R. at 551. See In re Nelson, No. 12-16220-JNF (Bankr. D. Mass. 2012) (Mr. Nelson's bankruptcy proceeding); BAP, 621 B.R. at 545-46 (discussing procedural history of the prior litigation).

In September 2014, Mr. Nelson brought suit against Wells Fargo and World Savings Bank to stop them foreclosing on the Property. In re Nelson, 621 B.R. at 546 (discussing procedural history). Although initially filed in state court, Wells Fargo successfully removed to the District Court for the District of Massachusetts. Id. At the outset, three of Mr. Nelson's five claims were dismissed, and the remaining two claims were dismissed at summary judgment. See Nelson v. Wells Fargo Bank, N.A., 14-CV-14087-DJC, Doc. No. 63 (D. Mass. Dec. 29, 2016) (order on Motion to Dismiss); Nelson v. Wells Fargo Bank, N.A., 14-CV-14087-DJC, Doc. No. 77 (D. Mass. May 25, 2017) (order on Motion for Summary Judgment); In re Nelson, 621 B.R. at 546-47 (discussing procedural history).

In May 2019, Mr. Nelson filed a Chapter 13 bankruptcy petition. BAP, 621 B.R. at 547-58 (discussing procedural history). In the bankruptcy proceeding, Wells Fargo filed a proof of claim that asserted their rights to collect on the Property and requested relief from the stay on collection, which was automatically imposed under 11 U.S.C. § 362(a). Id. Mr. Nelson challenged Wells Fargo's right to collect and request for relief from the stay alleging that Wells Fargo was not the mortgage holder and all his debts were discharged in his prior bankruptcy case. Id. Contrary to Mr. Nelson's arguments, the bankruptcy court found that a "merger trail [between Wachovia Mortgage, FSB and Wells Fargo] exists and gave judgment to Wells Fargo" on their claim to the Property, Wells Fargo established their proof of claim, and Mr. Nelson's

prior bankruptcy discharge did not eliminate Wells Fargo's in rem interest in the Property. Id. at 550-51. The bankruptcy court's ruling was affirmed on appeal. Id.

In June 2023, Mr. Nelson filed suit in Middlesex Superior Court again challenging Wells Fargo's authority to enforce the mortgage and requesting relief from his mortgage obligations. In re Kyra Nelson, 24-41202-EDK, at *2 (Bankr. D. Mass Apr. 2, 2025) [Dkt. 16-2] ("Bankruptcy Order II") (discussing procedural history). The Middlesex Superior Court dismissed the suit with prejudice holding that Mr. Nelson's claims were blocked by res judicata. Nelson v. World Savings Bank, FSB, 2381CV01919 (Middlesex Super. Ct. Apr. 24, 2024). Mr. Nelson appealed, and the Appeals Court of Massachusetts affirmed the lower court. Nelson v. World Savings Bank, FSB, et al., 106 Mass. App. Ct. 1101, 2025 WL 2535808 (Mass. App. Ct. Sept. 4, 2025). The Appeals Court additionally granted Wells Fargo's request for attorney's fees because Mr. Nelson's appeal was "frivolous." Id. at *5.

In December 2023, while still litigating in Middlesex Superior Court, Mr. Nelson transferred the Property to Plaintiff by warranty deed. In re Kyra Nelson, 24-41202-EDK, at *2 (Bankr. D. Mass. Apr. 2, 2025) [Dkt. 16-9] ("Bankruptcy Order I") (discussing procedural history).

In August 2024, Plaintiff filed a complaint in Worcester Superior Court against Wells Fargo seeking an injunction precluding Wells Fargo from foreclosing on the Property. Bankruptcy Order II, 24-41202-EDK, at *2 (discussing procedural history). The Worcester Superior Court denied Plaintiff's requested relief because the matter "has been fully addressed, on multiple occasions by multiple courts" and warned Plaintiff that failure to obey "the ethical rules in filing pleadings before [the] court . . . may result in sanctions." Nelson v. Wells Fargo Bank, N.A., 24-01000B, at *1 (Worcester Super. Ct. Sept. 23, 2024).

3

On November 14, 2024, 8 days before a scheduled foreclosure sale of the Property, Plaintiff filed a complaint in Middlesex Superior Court again seeking injunctive relief against Wells Fargo's foreclosure of the Property.  Bankruptcy Order II, 24-41202-EDK, at *3 (discussing procedural history).  The Middlesex Superior Court denied the request for injunctive relief finding that Plaintiff did not have a "likelihood of success on the merits."  Nelson v. Wells Fargo Bank, N.A., 2481CV03000 (Middlesex Super. Ct. Nov. 14, 2024).  The court later granted Wells Fargo's motion to dismiss, finding that "Wells Fargo is the successor-in-interest on the mortgages and is entitled to enforce the liens." Nelson v. Wells Fargo Bank, N.A., 2481CV03000, at *5 (Middlesex Super. Ct. July 21, 2024) ("Middlesex Dismissal").

On November 21, 2024, one day before a scheduled foreclosure sale, Plaintiff filed a voluntary Chapter 13 bankruptcy case in which Wells Fargo filed a proof of claim.  Bankruptcy Order II, 24-41202-EDK, at *3 (discussing procedural history).  Again, the bankruptcy court rejected Plaintiff's challenge to Wells Fargo's proof of claim and her arguments that (a) her debt was discharged, (b) she did not owe Wells Fargo any debt, and (c) that Wells Fargo does not have a perfected lien.  Bankruptcy Order I, 24-41202-EDK, at *2-4.  In a separate order the court granted Wells Fargo relief from a stay and found that "the filing of the petition was part of a scheme to hinder, delay, or defraud Wells Fargo," and that Plaintiff "acted in bad faith." Bankruptcy Order II, 24-41202-EDK, at *4-5, 7.  Both orders have been appealed and are pending before this court.

On September 18, 2025, Plaintiff filed the present lawsuit and requested, ex parte, emergency relief from Wells Fargo's impending foreclosure.  The Court held a hearing on the matter on September 26, 2025.

4

## II.   LEGAL STANDARD

The "extraordinary and drastic" remedy of a preliminary injunction requires a showing of four elements: (1) substantial likelihood of success on the merits; (2) a high likelihood of irreparable harm if injunctive relief is not granted; (3) a balance of equities tips in the movant's favor; and (4) the injunctive relief is in the public interest.  See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."  New Comm. Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).  Courts may accept as true well-pleaded allegations in the complaint and uncontroverted affidavits.  See Rohm & Haas Elec. Materials, LLC v. Elec. Circuits Supplies, Inc., 759 F. Supp. 2d 110, 114 n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350 n.1 (1976)).  Courts may also rely upon otherwise inadmissible evidence in deciding a motion for preliminary injunction.  Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT, 440 F. Supp. 3d 99, 102 (D. Mass. 2020) (citing Asseo v. Pan Am. Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986)).

## III.   DISCUSSION

Plaintiff does not have a likelihood of success on the merits because her claims are barred by res judicata.  Res judicata "comprises two distinct doctrines regarding the preclusive effect of prior litigation" – issue and claim preclusion.  See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 590 U.S. 405, 411 (2020).  Issue preclusion "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment."  Id.  Claim preclusion "prevents parties from raising issues that could have been raised and decided in a

5

prior action—even if they were not actually litigated." Id. at 412. "The preclusive effect of a state-court judgment is governed by state law, and the preclusive effect of a federal-court judgment is governed by federal law." McLarnon v. Deutsche Bank Nat. Trust Co., 14–13233–FDS, 2014 WL 5317813, at *3 (D. Mass. Oct. 17, 2014) (citing Cohen v. Shea, 788 F. Supp. 66 (D. Mass. 1992)).

These doctrines are critical to the effective administration of justice because they "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." U.S. v. Mendoza, 464 U.S. 154, 158 (1984) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

A.  **Issue Preclusion**

A party asserting issue preclusion under federal and Massachusetts law must show (1) both proceedings involve the same issue of law or fact, (2) the parties actually litigated that issue in the prior proceeding, (3) the prior court decided that issue in a final judgment, and (4) resolution of the issue was essential to judgment on the merits. Robb Evans & Assocs. LLC v. United States, 850 F.3d 24, 32 (1st Cir. 2017). See Mullins v. Corcoran, 172 N.E.3d 759, 767 (Mass. 2021).

The preclusive effect of previously litigated issues also applies to parties in privity with the prior litigants. See Taylor v. Sturgell, 553 U.S. 880, 894 (2008) ("Nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgments.") (citation modified); Mullins, 172 N.E.3d at 772. A grantee of a deed is considered in privity with the grantor for the purposes of issue preclusion. Taylor, 553 U.S. at 894 (listing "preceding and succeeding owners of property" as "[q]ualifying relationships" for issue preclusion).

Wells Fargo meets all four elements. First, the issues in the present case are identical to those in prior litigation. Plaintiff argues that Wells Fargo does not have a perfected lien on the property. Both Plaintiff and Mr. Nelson previously argued this issue and courts have unanimously rejected it. See Nelson, 2381CV01919, at *6 ("[T]he [United States] District Court . . . specifically found that Wells Fargo was in fact the holder of the Note and First Mortgage. This finding was an essential part of its judgment."); Bankruptcy Order I, 24-41202-EDK, at *3 (the question whether "Wells Fargo has no perfected lien" was "already litigated in the District Court."); BAP, 621 B.R. at 556 ("The record reflects that Wells Fargo presented documents to the bankruptcy court illustrating that Wells Fargo was the current holder of [the First Mortgage].).

Prior courts have similarly rejected Plaintiff's claims that the note on the Property did not transfer when World Savings Bank merged into Wells Fargo. See Id. at 551 ("The findings include that . . . the merger trail exists and gave judgment to Wells Fargo on a number of claims"); Middlesex Dismissal, 2481CV03000, at *5 ("[T]he courts have also concluded that Wells Fargo is the successor-in-interest on the mortgages and is entitled to enforce the liens."); Nelson, 2381CV01919, at *8 ("Bradley Nelson . . . continues to maintain that no court has ever entered a binding decision that World Savings Bank FSB is Wells Fargo. That is inaccurate."). Same with Plaintiff's claim that the debt was discharged in her father's bankruptcy. Bankruptcy Order I, 24-41202-EDK, at *3 ([T]o the extent that Wells Fargo held (and holds) a valid mortgage on the Property, that mortgage survived [Mr. Nelson's] bankruptcy discharge."). Plaintiff's argument that she is not in default was, likewise, rejected. Id. ("[T]he transfer of the Property from Bradley to the Debtor had no effect on any existing lien on the Property held by Wells Fargo.").

7

Finally, Plaintiff's challenges to the legitimacy of the affidavit of Wells Fargo's attorney has also been dismissed. Id. at *5 (rejecting Plaintiff's argument that "the Claim was not properly filed because it was filed by an attorney who does not have 'personal knowledge' of the operative facts.").[1]

Second, each of these issues were fully litigated on the merits as reflected in the respective courts' orders and decisions. Third, each of these issues were decided in final decisions. See Nelson, 2025 WL 2535808, at *4 (Bankruptcy court's rejection of Mr. Nelson's objections to Wells Fargo's claim and grant of relief from stay was a final judgment on the merits); Airframe v. Raytheon, 601 F.3d 9, 14 (1st Cir. 2010) (citing AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)) (dismissal for failure to state a claim is "plainly a final judgment on the merits"). Fourth, in each of the prior cases the issues were essential to the outcome of the case. But for the rejection of Mr. Nelson and Plaintiff's claims, the courts would not have permitted Wells Fargo to move to effectuate foreclosure.

Most of Plaintiff's issues arose in cases to which she was a party. The remaining claims were litigated by her father. Although Plaintiff was not party to all the prior litigation, she is still bound by those rulings because she is a "succeeding owner[] of the property." Taylor, 553 U.S. at 894.

Because Plaintiff is relitigating issues which have already been argued and decided, her claims are barred by issue preclusion, and she does not have a likelihood of success on the merits.

---

[1] Plaintiff also argues that the affidavit is in violation of "§25B and 35C." [Dkt. 2 ¶ 17.] It is not apparent which statutes Plaintiff is referring to. As the Court does not know what laws Defendant allegedly violated, Plaintiff certainly does not have a likelihood of success on the merits.

Plaintiff also raises a series of under-developed issues, including that Defendant's actions violated the Due Process Clause and the foreclosure is barred by an unspecified statute of limitations. The Court has attempted in good faith to discern Plaintiff's arguments. However, because these issues are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," they are deemed waived. Glob. NAPs, Inc. v. Verizon New England, Inc., 706 F.3d 8, 16 (1st Cir. 2013).

B.   **Claim Preclusion**

Plaintiff's case is also barred by claim preclusion. To establish claim preclusion under federal and Massachusetts law a party must establish that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Foss v. E. States Exposition, 67 F.4th 462, 466 (1st Cir. 2023) (quoting Mass. Sch. of L. at Andover v. Am. Bar Assoc., 142 F.3d 26, 37 (1st Cir. 1998)); Santos v. U.S. Bank Nat'l Ass'n, 54 N.E.3d 548, 554 (Mass. App. Ct. 2016). In considering whether the causes of action in two suits are sufficiently related to support claim preclusion, the First Circuit applies a "transactional approach." Mass. Sch. of Law at Andover, 142 F.3d at 38. The transactional approach considers whether the underlying facts for the causes are "related in time, space, origin or motivation." Silva v. City of New Bedford, 660 F.3d 76, 79 (1st Cir. 2011) (quoting Airframe, 601 F.3d at 15). The required relationship is present where both sets of claims "derive from a common nucleus of operative facts." Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004) (quoting Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir.1994)).

Massachusetts courts apply a substantively similar standard. See La Race v. Wells Fargo Bank, N.A., 166 N.E.3d 1025, 1034 (Mass. App. Ct. 2021) ("Causes of action are the same for

the purposes of *res judicata* when they grow out of the same transaction, act or agreement, and seek redress for the same wrong.") (citation modified).  As with issue preclusion, litigants may be bound by the litigation decisions of those with whom they are in privity.  See Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005); Emigrant Mortg. Co. Inc. v. Bourke, 626 F. Supp. 3d 223, 229 (D. Mass. 2022).

Again, Wells Fargo has established each element.  First, as previously noted, the prior actions were final judgments on the merits.  Second, Plaintiff or Mr. Nelson, with whom she is in privity, opposed Wells Fargo in all the prior litigation.  Third, the causes of action are the same in each case.  Plaintiff's actions in state and bankruptcy court involved the same property, the same mortgages, and the same bankruptcy proceedings as this action.  The proceedings aimed to stop Wells Fargo from foreclosing on her property and centered actions taken in the same time period as this case.  These cases do not merely involve a common nucleus of operative facts—they are identical.

As with Plaintiff's prior proceedings, Mr. Nelson's cases derive from the same common nucleus of operative facts. Mr. Nelson's cases involved the same property, the same mortgages, and the same bankruptcy proceedings as this action.  They aim to stop Wells Fargo from foreclosing on the Property and focus on actions taken over the same duration.   As Plaintiff is in privity with Mr. Nelson, his prior cases bind her.

Even if Plaintiff and Mr. Nelson had not raised the precise issues before the Court in their prior proceedings, they ought to have.  For that reason, Plaintiff's claims are barred under claim preclusion and her case is not likely to succeed on the merits.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order is **DENIED**.

    **SO ORDERED.**

Dated: November 18, 2025                      /s/ Angel Kelley
                                                                Hon. Angel Kelley
                                                                United States District Judge